THE MAYOR AND ALDERMEN, of the city of Savannah, plaintiffs in error, *vs.* ALGERNON S. HARTRIDGE, defendant, in error.

H. sued the M. and A., of Savannah, for damages produced by taking H's land for a street ; the Judge below, refused to allow any question answered touching the advantages which H. might gain from the opening of the street, and charged the jury that such advantage or gain could not be used to decrease or set off H's damages :    *Held,* that the refusal and charge were both right.    The decision in Jones *vs.* the Wills Valley Railroad, 30th Ga. R., covers this case.

"Just compensation" for private property taken for streets.

Tried before Judge FLEMMING.    Chatham Superior Court. May Term, 1867.

Said municipal authorities were extending East Broad street through Hartridge's land.    The free-holders, appointed pursuant to Sec. 4758 of the New Code, to assess the damages sustained or the benefits or advantages derived by Hartridge,

9

by taking his land, allowed him nothing.    He appealed. Upon the trial a witness examined by Hartridge's attorneys, was asked, on cross-examination : "Would there, or not, be a benefit or advantage, present or prospective, derived by said owner of land, by the opening of said street, and the erection of buildings on it ?"

The Court would not allow that question, nor any question seeking to prove the advantage to Hartridge to be derived from the extension, answered.    He also charged the jury that such advantage or gain could not be used to decrease or set-off Hartridge's damages.

The jury found $1000 and costs for Hartridge.

The corporation complain that the Judge erred in rejecting said evidence, and in so charging the jury.

EDWARD J. HARDIN, for plaintiff in error, cited Young vs. Harrison, 17th Ga. R., 30, and 17th paragraph of the Constitution of 1865.

HARTRIDGE & CHISOLM and T. E. LOYD, for defendant in error, replied :

The authority to assess *benefits* to the land-holder is derived from the sections of the Code in reference to the city of Savannah.    Code of Georgia, Sec. 6578.

This was enacted before the Constitution of Georgia inhibited the taking of private property for public use without just compensation being *first provided* and *paid.*    Constitution of Georgia, Article 1, Clause 17.

The Constitution of the United States not applicable to State legislation.    7 Peters 247.

The common law  alone applicable in Georgia, prior to the adoption of the last Constitution.    This could at any time be controlled by statute.    Now the Constitution controls. This is similar to New York Constitution.    The right exercised is the right of " eminent domain."    6 Barbour, 218;  9 Barbour, 546.

These decisions not overruled.    4 Comstock.

Decisions in Kentucky support our position, under a Con-

stitution similar to ours.   5 Dana, 31.   See, also, Sedgwick on Measure of Damages, 602, 414, note.

The decision in 17th Georgia was based upon a different state of facts, and was rendered before the present Constitution was adopted.   So that the Court is not called on to overrule it.

HARRIS, J.

· Was Judge Flemming right in refusing to allow the counsel of plaintiffs in error, to prove by the witness, under examination " Whether Hartridge would not derive benefit from the proposed extension of the street through his land ?" is the only question presented for our consideration.

Adhering to the decision made in the case of Jones vs. Wills Valley Railroad, 30th Ga. R., page 43—the question admits of but an affirmative answer

In that case it was decided that where the private property of a citizen was taken against his wish and will, for a railroad, he should be paid *the value of the property so taken in coin.*

Judgment affirmed.