CITY COUNCIL OF AUGUSTA, plaintiff in error, vs. DAVID W. MARKS, defendant in error.

The owner of land taken for the use of the public, is entitled to be paid therefor the value thereof in money; but if, in appropriating his land for the use of the public, consequential damages result to the owner, the benefits which he may have derived from the appropriation, if any, may be set off against such consequential damages, but not against the value of the land.

Constitutional law. Eminent domain. Damages. Before Judge GIBSON. Richmond Superior Court. October Term, 1873.

For the facts of this case, see the decision.

J. C. C. BLACK; W. H. HULL, for plaintiff in error.

H. CLAY FOSTER, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that the City Council of Augusta, by an ordinance of the city, in pursuance of an Act of the General Assembly, approved 24th of August, 1872, for the purpose of opening, changing, widening and extending the streets in said city, took from the appellant, Marks, three 127-1000 acres of his land. Three appraisers were nominated, according to the provisions of the Act of the General Assembly, to assess the damages—one by the appellant, one by the Mayor of the city, and the other by the Ordinary of the county of Richmond. Two of the appraisers made the following award: "That the city of Augusta has taken from D. W. Marks, for the purpose aforesaid, three 127-1000 acres of land, and that the land from which this is taken is worth $700 00 per acre; that we consider that he has been benefited $350 00 per acre. For the three 127-1000 acres of land so taken, we therefore award said D. W. Marks the sum of $1,094 45, to be paid by the city." From this award of the appraisers, Marks appealed to the Superior

City Council of Augusta *vs.* Marks.

Court, and on the trial thereof, there being no controversy as to the facts, the Court held and decided that the Act under which the proceedings were had did not authorize the benefits to be deducted from the value of the land taken, and directed a verdict for the appellant for the value of the land taken by the city; whereupon, the City Council, by its attorney, excepted.

By the Act of 1872, it is provided that the appraisers appointed to assess the damages shall, in all cases, in making up their award, consider the benefits from the opening, changing, widening or extension of such streets accruing to the owner or owners of such land or other property, and set off such benefits against such damages, but in no event giving an award against such owner or owners for the excess of benefits over damages. Construing this Act of the General Assembly in the light of the decision of this Court in the case of *Jones vs. The Wills Valley Railroad Company*, 30 *Georgia Reports*, 43, and the case of *The Mayor and Aldermen of Savannah vs. Hartridge*, 37 *Georgia Reports*, 113, both of which had been decided before the Act in question was passed, we cannot presume that a different rule as to setting off benefits against damages was intended than the one recognized by the decisions of this Court, to-wit: That the owner of land taken for the use of the public, is entitled to be paid therefor the value of the land so taken in money; but if, in taking and appropriating his land for the use of the public, consequential damages result from such appropriation to the owner thereof, the benefits which such owner may have derived from such appropriation of his property, if any, may be set off against such consequential damages, but not against the value of the land so taken for the use of the public. The verdict for the value of the land, in money, at the time the same was taken for the use of the city, was right, according to the decisions of this Court before cited.

Let the judgment of the Court below be affirmed.