## SMITH *v.* HAZLEHURST.

The trial judge, in stating the contentions of a party, should not so mix and mingle such contentions with the inferences and deductions of such party, in his own favor, from facts in evidence, as to present such contentions to the jury in the form of an argument, for this is but to repeat to the jury the argument of a party, instead of simply stating what the party contends the facts of the case are ; and where the judge does 'this, without stating to the jury any argument upon, or explanation of, such facts by the opposite party, it is cause for a new trial.

Argued April 10, — Decided May 11, 1905.

Complaint.    Before Judge Felton.    Houston superior court. August 1, 1904.

*Ross & Grace,* for plaintiff in error.    *Steed & Ryals,* contra.

FISH, P. J.    Hazlehurst sued Smith upon two promissory notes, dated respectively May 22, and August 18, 1902, and for a balance alleged to be due upon an open account for money and merchandise alleged to have been advanced by the plaintiff to the defendant between the 7th of May and the 15th of August, 1902. Attached to the petition was a copy of the open account, from which it appeared that the plaintiff, as a broker, had charged Smith with the various items of money and merchandise furnished to him at different dates, and had credited him with the net proceeds of various consignments of peaches sold for his account, and had charged him with a small amount for loss on the sale of one lot of peaches.    The defendant admitted the execution of the two notes and the correctness of the charges against him upon the open account, except the item for loss on the sale of peaches, but denied the correctness of the items of credit in his favor on the account, alleging that he had not consigned the peaches to the plaintiff as a broker or commission merchant, to be sold for his (Smith's) account, but had sold and delivered the peaches to the plaintiff, in July, 1902, consisting of 1087 crates, at $1 per crate, whereby the plaintiff became indebted to him in the sum of $1087, which amount he pleaded as a set-off against

the correct amount of the plaintiff's demand against him ; and he prayed for a judgment against the plaintiff for the difference between the amount which he alleged the plaintiff owed him and the amount which he admitted he owed the plaintiff. . The plaintiff denied that he purchased the peaches from the defendant, but contended that the peaches were consigned to him, as a broker and commission merchant, by the defendant, to be sold, upon commission, for the latter's account, and that he had credited the defendant, upon the open account, with the net proceeds of the peaches.　So the case turned upon a simple question of fact, viz., whether Hazlehurst bought the peaches from Smith, at one dollar per crate, or merely received them from Smith, upon consignment, to be sold for his account.　Upon the trial the jury found in favor of the contention of the plaintiff, and accordingly rendered a verdict in his favor for the full amount sued for, less a small credit to which the plaintiff admitted the defendant was entitled.　The defendant made a motion for a new trial upon various grounds, which was overruled, and he excepted. . The grounds of the motion for a new trial are based upon alleged insufficiency of the evidence to support the verdict rendered, and alleged errors in the charge of the court.　We think the verdict was supported by the preponderance of the evidence, and that there is no merit in most of the grounds of the motion assigning error upon the charge of the court.　We think, however, that at least one of the grounds of the motion, alleging error in the second charge of the court delivered to the jury, after they had been out for many hours without agreeing upon a verdict, was of sufficient merit to require the grant of a new trial.　Some of the other excerpts from the charge of the court, which are excepted to in the motion, are open to criticism, as laying undue stress upon the contentions of the plaintiff, but are not sufficiently so to require the grant of a new trial.　The instructions which we think require the grant of a new trial were as follows ;　" And Hazlehurst further contending that the last note which was given for some $250 was for an actual loan which Hazlehurst made to Smith, and which Hazlehurst contends was made after all the peaches were shipped.　Hazlehurst contending that the fact that Smith gave his note to Hazlehurst, at the time when the note was given, illustrates the truth of Hazlehurst's contention that at

the time when that note was made by Smith to Hazlehurst to get a loan of $250, that Hazlehurst was not then indebted to Smith for the balance of the unpaid peaches at the rate of a dollar a case, else Smith would not have given his note and got the money.    But if Hazlehurst did not have the money he would have taken Hazlehurst's note instead of giving Hazlehurst his note, that he, Smith, would have taken Hazlehurst's note for the settlement of the indebtedness; Hazlehurst further contending as evidence of the fact he did have the money, because he gave to Smith, at the time Smith gave him the $250 note, his check for $250 and that Smith at the time made no contention of having sold the peaches at a dollar a crate."    One of the assignments of error in the motion, upon this charge, is, "it was argumentative and amounted to an argument of the court in favor of the plaintiff; and because said charge was an intimation of opinion by the court that the contention of the plaintiff was the truth of the case, and that the facts and circumstances to which the court called attention in said charge illustrated the truth of the plaintiff's contention."    Another is, "said charge was error because the court did not instruct the jury as to the contention of the defendant with reference to the $250 note in connection with said charge," and "that the court did not, in any other portion of his said second charge to the jury, instruct the jury with reference to the defendant's contention as to the giving of said note for $250."

In our opinion, this charge was argumentative and unduly stressed the contention, or rather the argument, of the plaintiff on the evidence before the jury, by singling out and calling the attention of the jury to a particular portion of such evidence which was very favorable to the plaintiff, and stating to the jury the inferences and deductions drawn by the plaintiff therefrom in support of his contention, and without calling attention to any contention or explanation of the defendant in reference to the alleged facts upon which the argument of the plaintiff was based. We say "the argument," because we think, in these particular instructions, the court did more than to merely state the contentions of the plaintiff.    The court had, immediately before this, stated to the jury the main contentions of the parties in the case, and, in this portion of the charge, was giving the argumentative

reply of the plaintiff, based upon facts appearing in evidence, to the contention of the defendant. The plaintiff contended that the peaches were not sold to him by the defendant, but were consigned to him by the defendant,.to be sold upon commission for the latter's account. The defendant contended that the peaches were not consigned by him to the plaintiff, to be sold by him for the defendant's account, but were sold to the plaintiff at one dollar per crate. Such was the issue between the parties, and it was clear-cut and simple, viz., was there a sale, or a consignment of the peaches? The trial judge, after having stated this issue fairly and fully, gave the instructions complained of, and, in our opinion, in so doing, he passed beyond the domain of the mere contention of the plaintiff, that is, the position taken or contended for, and entered the realm of the argument by which the plaintiff sought to support that contention and reply to the contention of the defendant, by inferences and deductions drawn from the evidence before the jury. The argument of the plaintiff upon the alleged facts disclosed by the evidence was a powerful one, viz., that after all the peaches were shipped, Smith gave his note to Hazlehurst for $250, and the fact that he gave this note when he did illustrated the truth of Hazlehurst's contention that, at that time, he was not indebted to Smith for the peaches, else Smith would not have given the note and got money from Hazlehurst thereon; but, if Hazlehurst did not then have the money with which to pay him for the peaches, he, Smith, would have taken Hazlehurst's note in settlement of the indebtedness, instead of giving his note to the latter; but as evidence that at that time Hazlehurst did have money with which to have paid Smith, if he had owed him, Hazlehurst then gave his check for $250 in exchange for the latter's note for a like amount, and, as further sustaining the plaintiff's contention, Smith at the time made no contention of having sold Hazlehurst the peaches at a dollar a crate. It will be observed that the judge did not simply sum up the evidence and state to the jury the contention of the plaintiff as to what was established thereby, but he stated to the jury the process or line of reasoning by which the plaintiff sought from the evidence to show that his contention was true and that of the defendant untrue. In *Hayes* v. *State*, 58 *Ga.* 36, it was held: "The jury are to decide for themselves what facts are established, and what conclusions, under

the law, result from them. The mental convictions of the judge, in respect to the facts, should neither be declared nor intimated. His manner of charging should not be argumentative. The purpose of the charge is to state and explain the law, not to carry on a process of general reasoning." In *Flowers* v. *Flowers,* 92 *Ga.* 688, it was held to be error, in charging the jury, "to direct their attention specially to the relevancy of a particular portion of the testimony favorable to one side, no special reference being made to any of the testimony favorable to the other side." In *Blumenthal* v. *State,* 121 *Ga.* 477, the accused, a pawnbroker, had been convicted of the offense of receiving stolen goods, knowing them to be stolen, the goods in question being pantaloons. It was held to have been erroneous to charge the jury as follows: "In this case the articles pawned were pants, and the parties pawning them were negro girls. You can consider whether negro girls wear pants. These are some of the circumstances which you should consider in determining the guilty knowledge of the defendant." Mr. Justice Lamar, who delivered the opinion, said: "The very force and pertinence of the intimation requires the grant of a new trial."

In *Thomas* v. *State,* 95 *Ga.* 484, it was held: "The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in the pending trial as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict. In delivering his charge the trial judge should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues in the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury either seem to be an argument or amount to the expression or intimation of an opinion thereon." It was accordingly held to be error "for the presiding judge to repeat the substance of the testimony of the State's witnesses as detailed from the stand, and to submit this with the argumentative deductions drawn therefrom by the State's counsel, as the issues in the case." The charge with which we are now dealing is open to the objections pointed out in that decision. The judge had presented the leading, and really the only issue made by the

pleadings upon which the parties were at variance, and in the portion of the charge excepted to he was presenting to the jury a minor contention of the plaintiff, based upon the evidence, and the charge contained such a statement of this contention and the alleged evidence by which it was supported as might to the jury either seem to be an argument by the court, or as amounting to an expression or intimation of opinion by the court upon the evidence, and it not only called the attention of the jury to facts disclosed by the evidence, but submitted the argumentative deductions of the plaintiff's counsel thereon. In *Brantley* v. *State*, 115 *Ga.* 230, while there were other grounds upon which a new trial was granted, it was held that " The charge was objectionable in that it was argumentative and too strenuously impressed upon the jury circumstances tending to implicate the accused, with no corresponding statement of the points insisted upon in his defense," and that a new trial was more readily granted for this reason. See also *Baldwin* v. *State*, 120 *Ga.* 188. While all of the above-cited cases, save one, were criminal cases, we know of no reason why the same rule should not obtain in civil cases. In another line of cases it has been held that it is not error for the court to sum up the evidence, provided he does not, in doing so, express or intimate any opinion thereon. Thus, in *Shiels* v. *Stark*, 14 *Ga.* 429, it was held : " The act of 1850, to prevent the judges of the superior courts from expressing their opinion to the jury as to what had or had not been proven, was not intended to prohibit the courts from summing up the evidence, or directing the attention of the jury to any particular portion of the evidence." So, in *Whitlow* v. *State*, 74 *Ga.* 819, it was decided : " There was no error in summing up the testimony and saying to the jury that they might consider such facts in making up their verdict, with the caution that the judge expressed no opinion nor intimated any thereon, or on the sufficiency of the evidence to convict, and did not mean to confine the jury to his summing up, but that they should consider all the evidence in the case." Again, in *City & Suburban Railway Co.* v. *Finley*, 76 *Ga.* 311, it was held : " It is the right and duty of the presiding judge to state to the jury the several contentions between the parties, the only restriction being that he shall state them fairly to each side. He may also sum up the evidence, with a view to the better stating of those contentions practically so as to be readily comprehended by the

jury, being careful to withhold any expression or intimation of opinion as to its truth." And in *Bray* v. *State*, 69 *Ga.* 765, the ruling was as follows: "Where the court summed up the facts sought to be proved by the State, the defendant introducing no evidence, and instructed the jury to consider whether these facts were proved, and to take these and all other facts into consideration, and determine whether they were sufficient to convict, such charge was not error."

But while, from these decisions, the judge may not only state the respective contentions of the parties, but, in this connection, may sum up the evidence, provided in so doing he does not express or intimate any opinion as to what fact or facts it establishes, we do not understand that there is any authority in either of these decisions for holding that the judge can state to the jury the argument, or line of reasoning, by which a party seeks to show that the evidence before the jury sustains his contention. Although, in the charge under consideration, the judge was careful to use the expressions, "Hazlehurst contends," and "Hazlehurst contending," yet the effect of the charge was to call the attention of the jury to a powerful argument of the plaintiff, in reply to the contention of the defendant and in support of his own contention, consisting in inferences and deductions drawn from the evidence. We think there is a difference between the contention — using the word in its legal sense — of a party and the argument by which such contention is supported. It may be difficult sometimes to draw the line of distinction between the two, but we think it can be clearly drawn here. The court should not so mix and mingle the contentions of a party with the inferences and deductions of such party, drawn from the evidence, as to present such contentions to the jury in the form of an argument, for this is but to repeat to the jury the argument of a party, instead of simply stating what the party contends the facts of the case are. We think the charge under consideration was liable to leave the impression upon the minds of the jurors that the court was impressed with the strength of the plaintiff's argument upon facts in evidence, especially when no allusion was made to any argument upon, or explanation of, such facts by the defendant. It follows that the judgment refusing a new trial must be

*Reversed. All the Justices concur, except Candler, J., absent.*