*Westmoreland, Hill & Smith, E. B. Askew, B. W. Fortson, R. C. Holman,* contra.

---

## 6357.   CITY OF ATLANTA *v.* GLENN *et al.*

RUSSELL, C. J.. 1. The owner of land taken for the use of the public is entitled to be paid its value in money. If, in appropriating his land for the use of the public, consequential damages result to the owner, the benefits which he may have derived from the appropriation, if any, may be set off against such consequential damages, but not against the value of the land. *City Council of Augusta* v. *Marks,* 50 *Ga.* 612. See also *Mayor &c. of Savannah* v. *Hartridge,* 37 *Ga.* 113; *City of Atlanta* v. *Central R. Co.,* 53 *Ga.* 120; *City of Atlanta* v. *Word,* 78 *Ga.* 276. Hence, in a suit brought for the value of lands taken for public use, in which no consequential damages are claimed, it is not error to refuse to allow the defendant to introduce evidence apparently for the purpose of showing that the value of the property remaining after the appropriation of a part was, because of the advantages derived from the opening of a street alongside of the property, for which purpose the land appropriated was used, as great as the entire property prior to the opening of the street. The actual value of the property taken was the sole issue in the case. No consequential damages being alleged, the enhancement of the remainder of the plaintiff's property could not be shown.

2. A municipal corporation which treats property as the land of another, to the extent of paving and curbing the street in front thereof, issuing an execution against such property for the paving and curbing so done, and selling the property therefor as his property under such execution, is estopped, in a suit brought by him for the value of a portion of the same property (he having bought in the property at the public sale), to assert that it is not his property. Especially is this true when the plaintiff holds a deed to such land, made by the duly authorized officers of the municipality.

3. There was no sufficient evidence to show that any of the property sued for by the plaintiffs had been legally pre-empted or appropriated by the county or the city in pursuance of a dedication by the owners; and there was no error on the part of the court in so charging the jury.

4. The charge of the court relative to the right of one whose property it is sought to take for public purposes to insist upon payment therefor in advance of the actual taking, or, if he sees fit, to remain silent and allow it taken and then demand payment therefor, and, if payment is refused, to then sue for its value, was admittedly a correct instruction. The failure of the court to give other matters in charge, even though they might be correct, does not render an otherwise correct instruction incorrect. *Hayes* v. *State*, 114 *Ga.* 25 (4), 29 (40 S. E. 13); *Gibson* v. *State*, 114 Ga. 34 (39 S. E. 948). The charge given being a correct exposition of the law, if any additional instructions had been desired· they should have been appropriately requested in writing.

5. No reversible error was committed at the trial or in the instructions of the court, and therefore the judgment overruling the motion for a new trial was not erroneous.

*Judgment affirmed. Broyles, J., dissents.*

DECIDED FEBRUARY 10, 1916.

Action for damages; from city court of Atlanta—Judge H. M. Reid.   January 16, 1915.

*J. L. Mayson, W. D. Ellis Jr.,* for plaintiff in error.

*Ben J. Conyers,* contra.

BROYLES, J., dissenting.   In my opinion, several of the rulings excepted to being erroneous and highly prejudicial to the plaintiff in error, the motion for a new trial should have been granted.