### 7499.   COMMERCIAL CITY BANK *v.* SULLIVAN *et al.*

1. "No cause for reversing a judgment denying a new trial is presented by a general assignment of error, that the verdict is contrary to the charge of the court, or to a specified portion thereof." *Wight* v. *Schmidt,* 111 *Ga.* 858 (36 S. E. 937).

2. The court did not err in charging the jury as follows: "Although you might believe from the evidence in this case that J. L. Glawson secured from the Commercial City Bank advances to make his crop of cotton, corn, and peaches for the year 1914, and gave a mortgage to the Commercial City Bank after the crops were planted, to secure his indebtedness, past, present, and future, I charge you that in law would constitute a lien only upon the crops for the current year, 1914, and would not constitute title; and that although the mortgages which were executed by Glawson to the bank have been admitted in evidence for your consideration, yet, while this is true, I charge you that you can not consider those mortgages as a basis of title to the peaches or proceeds of the peaches, in favor of the Commercial City Bank. You will bear in mind that the question that you are to try is as to whether or not the Commercial City Bank had a title to the peaches from which the proceeds were derived, or the title to the proceeds, for that is the only basis of their claim which they can rely upon in this case; they must stand upon title, and not upon a mortgage lien." The charge given was correct. The mortgage indebtedness could only be admissible for the purpose of throwing light upon the relations of the parties to the cause, their bona fides, and the circumstances surrounding them. The claim rests upon title, not a lien, mortgage, or debt. The charge was a proper exposition of the law, and was not subject to exception upon any of the grounds taken.

3. The court did not err in failing to give the following charge (not requested in writing): "I charge you, that the lien or mortgages on crops, which mortgages are given to secure the payment of debts for money, supplies, and other articles of necessity, including live stock, to aid in making and gathering such crops, should be superior to judgments of older date than such mortgages, and if superior to judgments

of older dates, of course, would be superior to a lien or a garnishment of an older date, and if you should determine from the evidence in this case that the bank at the time these peaches were shipped to Roberts Brothers held a mortgage lien on them, or afterwards acquired a mortgage or lien on them for supplies furnished and necessary to be furnished in the making of said crops, then you should find for the claimant in this case, even though you should believe that the mortgages were subsequently to the service of the summons of garnishment on Roberts Brothers; and even though you should believe they were executed subsequently, the bank would still have a superior lien to that of the plaintiff's, and you should find accordingly for the claimant, if you ascertain this to be the truth."

4. Exception was taken to the refusal of the court "to rule out the whole of the evidence of Mr. Barnes with reference to the quantity of peaches shipped, and also the way bills and account sales, introduced by the plaintiff, showing and intended to show the quantity of peaches shipped in excess of the $372.15." This exception is too general; it does not specify the evidence that should have been excluded, and some of the evidence objected to was admissible.

5. There is no merit in the following exception: "Claimant contends that the court erred in sustaining objections of the claimant to" certain evidence, which is set out, "and refusing to permit the same to be considered by the jury." The maxim "consensus tollit errorem" applies to this assignment of error. A party is estopped from complaining of the exclusion of evidence which was excluded upon his own motion. *Threlkeld* v. *State*, 128 *Ga.* 660 (58 S. E. 49), and cit.

6. The remarks of the judge which are complained of, having been made on the argument of a demurrer and before a jury was stricken, though made in the presence of the jurors, can not be treated as ground for a new trial. If the claimant was of the opinion that the remarks were **prejudicial, he had the right to purge the jury; and, not having done so, he can not now be heard to complain.**

7. The questions presented by the exceptions pendente lite are adjudicated in what is ruled above. A claim case carries with it no question save that of title.

8. The verdict is authorized by the evidence and is not contrary to law, and no error was committed in refusing to grant the motion for new trial.

DECIDED SEPTEMBER 21, 1916.

Garnishment; from city court of Americus—Judge Harper. April 6, 1916.

*J. A. Hixon, H. O. Jones,* for plaintiff in error.

*Wallis & Fort, E. A. Nisbet, W. A. Dodson,* contra.

HODGES, J. Sullivan obtained a judgment against Glawson and had summons of garnishment issued thereon, directed to Roberts Brothers, who answered that at the time of service they had $372.15 in their possession. Afterwards Roberts Brothers re-

39

ceived fruits of the value of $5,512.48, shipped by Glawson. With reference to the assets received after service, the answer set up that the fruits bought from Glawson were shipped in accordance with an agreement between Glawson and the Commercial City Bank, and the fruit was to be paid for by Roberts Brothers to R. E. McNulty for the Commercial City Bank, and that the garnishees had carried out this agreement and paid all of said money to McNulty, in accordance with the agreement with Glawson. The bank claimed the fund and also traversed the answer of the garnishees. On the trial the bank offered to amend its plea and traverse by setting up the amount of indebtedness due by Glawson to the bank for advances and supplies, also the foreclosure of a mortgage of Glawson in favor of the bank, and claiming a lien upon the fund, superior to that of Sullivan, and contended that the fund was not subject to garnishment. The amendment was stricken on demurrer, and exceptions pendente lite were filed. The jury found in favor of Sullivan. The bank moved for a new trial, which was denied, and it excepted.

The rulings stated above in the headnotes dispose of the exceptions presented by the record, and it is not necessary to elaborate them.    *Judgment affirmed.*