## 8604. BARRETT v. EXCHANGE BANK

LUKE, J. 1. An assignment of error upon the admission of testimony must disclose that objection was made at time of trial, and must also disclose the ground of objection made at the time. *Winder* v. *State,* 18 *Ga. App.* 67 (88 S. E. 1003); *Commercial City Bank* v. *Sullivan,* 18 *Ga. App.* 608 (90 S. E. 173).

2. The court did not err in overruling the objection made as to the admissibility of the evidence offered by the plaintiff, complaint of which is made in grounds 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the amendment to the motion for a new trial.

3. The motion for a new trial complains of the following charge of the court: "The true question in this case is, whether the debt sued on is in whole or in part the debt of Mrs. Barrett. Even if it was the debt of Mrs. Barrett, she would not be liable for any portion of it that was the debt of Mr. Barrett. The reason for this is, a married woman can not be surety for the debt of her husband or any one else, nor can she assume the debt, or promise to pay the debt of her husband. But a married woman is liable for her own debt, and can contract to pay her own debt, and will be controlled by the facts of the transaction.

You will look to the substance; and if the debt is the debt of the wife in truth, she is liable. If it is the debt of the husband, the wife is not liable." This charge is not subject to the exception that it is not full or fair, or is limited or prejudicial. The charge of the court is more full than in *Ginsberg* v. *Peoples Bank of Savannah*, 145 *Ga.* 815 (89 S. E. 1086). If more full and explicit instructions were desired, proper request should have been made. *City of Atlanta* v. *Glenn*, 17 *Ga. App.* 619 (4) .(87 S. E. 910). The contentions of both parties, upon a reading of the entire charge, were fully and fairly presented. *Cooley* v. *Bergstrom*, 3 *Ga. App.* 496 (5) (60 S. E. 220).

4. The evidence authorized the verdict, which has the approval of the trial judge. For none of the reasons assigned did the court err in overruling the motion for a new trial.

> *Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
>                    DECIDED JANUARY 21, 1918.

Complaint from Baldwin superior court—Judge H. C. Hammond presiding. March 5, 1917.

*Allen & Pottle, Burwell & Fleming,* for plaintiff in error.

*Hines & Vinson, Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.