12079. ADAMS *v.* SLOCUM, next friend.

A new trial is required because in the charge to the jury the court treated as proved the fact in issue that the defendant's son was his agent in driving the automobile which was alleged to have caused the injury in question.

DECIDED MAY 11, 1921.

Action for damages; from Newton superior court—Judge Hutcheson. December 3, 1920.

*King & Johnson,* for plaintiff in error.
*W. E. Arnaud, Rogers & Knox,* contra.

LUKE, J. This case arose by reason of a suit to recover damages from a father for personal injuries alleged to have been caused by the negligent driving of an automobile by a son under sixteen years of age, who was alleged to have been acting as the agent of his father in the prosecution of and within the scope of the parent's business. The plaintiff recovered damages, and, because of the overruling of the defendant's motion for a new trial, the case is here for review. Among other assignments of error, complaint is made of the following portion of the judge's charge to the jury: "If the plaintiff and defendant's servant or agent were both guilty of negligence, the plaintiff can recover if his negligence was less than that of the defendant's servant or agent, provided he is entitled to recover under the instructions which I have heretofore given you, under the instructions of ordinary care. If the plaintiff was guilty of more negligence than the defendant's agent or servant was guilty of, the plaintiff cannot recover, although you may believe that the defendant was guilty of negligence; if the plaintiff was guilty of more negligence than the defendant's agent was guilty of,—the agent who was in charge of the car—the plaintiff could not recover. If you find that both the plaintiff and the defendant's agent or servant were guilty of

negligence, and yet you find the plaintiff is entitled to recover under the instructions I have given you,—entitled to recover a certain sum,—then that sum should be diminished by the amount of negligence attributable to her;" the assignment of error being that the charge assumed that the son of the defendant was in fact the agent and servant of the defendant, when, under the evidence, the question as to the age of the son, and the question as to whether the son was in charge of the car by the permission or with the knowledge of. his father, and whether that particular son in charge of the car was in the prosecution of and within the scope of the parent's business, were issues of fact. The evidence was in sharp conflict as to whether or not the son was the agent or servant of his father at the time of the alleged injury.

It was error for the judge in his charge to assume or intimate that the facts proved were sufficient to show that the person operating the automobile was the servant or agent of the defendant at the time of the injury. Civil Code (1910), § 4863. The other assignments of error are either without merit, or the alleged errors are not likely to recur upon another trial. For the reason above pointed out, it was error for the court to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*