35158. NISSEN *v.* GOODYEAR TIRE & RUBBER CO., INC.

DECIDED MAY 13, 1954.

*Mixon & Chambers,* for plaintiff in error.

*Fulcher, Fulcher & Hagler,* contra.

TOWNSEND, J. ■ It appeared from the testimony in the case that the washing machine in question had been purchased from the defendant by the plaintiff's mother, Mrs. G. W. Freeman, and by her given or entrusted to the plaintiff, who lived at a different address, and that the payments thereon were delinquent. Complaint is made, in special ground 1 of the amended motion for new trial, as to the overruling of an objection to testimony of a witness for the defendant, as follows: "I thought I might save myself a trip over to Mrs. Freeman's house, so I called her by phone, and I told her who I was and what I wanted . . . and I told her I would either have to have the money up to date or the washing machine"; and to a personal conversation between the parties, in which the witness was told by Mrs. Freeman that she did not have the money and could not pay; that she informed them of the location of the washing machine and stated, "So far as I am concerned you can go get it." The objection is that this statement is hearsay and constitutes a self-serving declaration.

Code § 38-302 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." "Where, . . . in order to explain conduct, such as a subsequent investigation by the witness, the nature and character of the conversation itself is both relevant and necessary, the conversation will be admitted as original evidence." *Todd* v. *State,* 200 *Ga.* 582, 588 (37 S. E. 2d 779). See also *Bryant* v. *State,* 191 *Ga.* 686 (4) (13 S. E. 2d 820). The action here being for punitive damages for a wilful and malicious trespass and assault, the good faith of the defendant was directly in issue, and the agents of such defendant, having shown that the appliance was purchased by the plaintiff's mother, who was, so far as they knew, the owner thereof, and who was committed to make the payments thereon, it was proper to show that these agents went to the plaintiff's home as a result of their conversation with the purchaser and her authorization. While it is obvious that the witness could not rely upon Mrs. Freeman's authority to enter

■

Mrs. Nissen's home, nevertheless he could show that his action in going there was in good faith and as a result of this conversation. This ground is without merit.

■ Special ground 2 of the amended motion for new trial assigns error "because the court admitted to the jury over the prompt objection of counsel for the plaintiff the following material evidence in the testimony of Rudolph E. Napier, a witness for the defendant." Certain testimony of the defendant witness is then set out, as to which no objection appears. Counsel for the defendant then asked the following question: "What did Mrs. Freeman tell you about the washing machine in March of 1952?" to which question the plaintiff in error objected as calling for hearsay. This objection was overruled, and no error is assigned thereon. Certain testimony by the witness followed. Error is assigned upon this testimony, and this special ground recites that this evidence "was promptly objected to," and that the question was objected to on the ground that it called for hearsay evidence and evidence irrelevant in the case. However, this ground of the motion for a new trial is defective, in that (a) it fails to show upon what ground the testimony was objected to after it was given; and (b) it fails to assign error on the overruling of the objection to the question. An assignment of error to the admission of evidence which does not only show in what respect the evidence admitted was objectionable, but also that the objection was urged at the time of its admission, is too imperfect for consideration. *Noll* v. *Nolan,* 135 *Ga.* 712 (70 S. E. 577) ; *Barrett* v. *Exchange Bank,* 21 *Ga. App.* 536 (94 S. E. 818) ; *Culpepper* v. *Hall,* 22 *Ga. App.* 715 (97 S. E. 111).

■ Special ground 3 of the amended motion for new trial complains of an excerpt from the charge of the court as follows: "Now, gentlemen of the jury, you take this case, consider all the facts and circumstances, and determine whether the acts complained of were done, then you go further and determine whether the act complained of was the proximate cause of an injury complained of by the plaintiff, and, gentlemen of the jury, the proximate cause of an injury is such an act that a person of ordinary caution and prudence would have foreseen that some injury might result therefrom and not necessarily the injury complained of." Special ground 4 assigns error on the following: "Deter-

mine if the act were committed by the defendant in the way and manner alleged by the plaintiff. Then, second, you determine if there was any damage done to the plaintiff, and, then, to what extent that damage was done; then, you determine whether or not the act complained of was the proximate cause of the injury to the plaintiff; then you determine that amount by the rule I have given you in charge." Error is assigned on these excerpts, upon the ground that there was nothing in either the pleadings or evidence invoking the principles governing negligence and want of ordinary care; that the above portions of the charge erroneously stated the causal relationship required· for recovery of damages for a wilful tort, and thus laid down an erroneous condition precedent to the plaintiff's right of recovery, by laying down a rule applicable to negligence cases, and not to wilful misconduct. With this contention we cannot agree. A tort, such as that alleged here, is the unlawful violation of a private legal right (Code § 105-101), "by reason of which some special damage accrues to the individual." Unless the damage accrues "by reason of" such violation, there can be no recovery because there is no proximate causal connection between the act done and the injury sustained; and this is equally true whether the unlawful act be done negligently, or intentionally and maliciously. As stated in *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (6) (140 S. E. 763): "The nature and character of the damages to which a plaintiff is entitled under his cause of action as laid, and the method or measure to be employed in assessing their amount, are not . . . synonymous terms." The plaintiff here sued for permanent impairment of her capacity to labor and render services, for pain and suffering, and for punitive damages. Unless she proved that the first two items of damage proximately resulted from an act of the defendant, she would be entitled to no damages on those counts; and unless she proved a wilful invasion by the defendant of her legal rights, so as to show an aggravation in the act or the intent so as to entitle her at least to nominal damages,. she could recover no punitive damages. *Foster* v. *Sikes*, 202 *Ga.* 122 (42 S. E. 2d 441); *Beverly* v. *Observer Publishing Co.*, 88 *Ga. App.* 490 (77 S. E. 2d 80). The damages to which she might have been entitled depended largely upon a jury determination of the character of the act alleged

against the defendant; but whether or not she could recover any damages depended upon the causal relationship between whatever act the defendant committed and her own injury. It is, of course, true that, if the legal wrong be proved and the jury should find there were no actual damages, or that there were strong mitigating circumstances, nominal damages should be awarded. The court charged on the subject of nominal, compensatory, and punitive damages. Of these, the latter must depend upon one or the other of the former, which, in turn, must depend upon a proximate causal relationship between the act and the result. Taking the charge as a whole, the jury could not have been misled into understanding that they must return a verdict for the defendant unless they found in favor of the plaintiff on her contention that she suffered a permanent physical disability by reason of the trespass, which appears to be the gist of the complaint. This ground is without merit.

■ Special ground 5 assigns error on a portion of the charge, as follows: "If you find that the plaintiff has failed to carry the burden of proving her contentions, as set forth by her, or if you determine that she was not injured, or if you determine that she was injured but not by the act of the defendant, or if you get out there and don't know exactly what happened, then the law will help you out and say that you would find in favor of the defendant." It is contended that this charge was error because it required the jury to return a verdict for the defendant unless they could determine to their own satisfaction exactly what happened, and thereby placed on the plaintiff the undue burden of proving her case beyond all doubt; that it was an erroneous statement of the law, confusing, misleading, and prejudicial.

While the language of this portion of the charge above quoted, to the effect that, if the jury didn't know exactly what happened, the law would help them out and they should find for the defendant, is entirely inapt, it does not here appear, in view of the charge as a whole, that it was so injurious as to require a reversal of the case. The court in connection therewith charged the provisions of Code § 38-106 relating to preponderance of the evidence. It is true that, if the jury could not determine from the evidence what happened, their verdict would necessarily have been based on conjecture, and such a verdict would be

illegal. *United States Fidelity &c. Co.* v. *Brown,* 68 *Ga. App.* 706 (3) (23 S. E. 2d 443). In *Bentley* v. *Southern Ry. Co.,* 52 *Ga. App.* 188 (2), 190 (182 S. E. 815), it was held: "If the evidence adduced is not more than a 'scintilla,' if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict; and it is not error so to charge." While the better practice is to charge on the preponderance of evidence in the language of the Code, it has been held not error to charge that, where the evidence is equally balanced, the verdict should be for the defendant. *Jones* v. *Knightstown Body Co.,* 52 *Ga. App.* 667, 669 (184 S. E. 427). See also similar charges in *Jones* v. *McElroy,* 134 *Ga.* 857 (4) (68 S. E. 729, 137 Am. St. R. 276), and *Nalley Land &c. Co.* v. *Merchants &c. Bank,* 187 *Ga.* 142 (10), 148 (199 S. E. 815), which, while inapt and not approved by the court, were held not to constitute reversible error.

The general grounds of the motion for new trial are abandoned. The trial court did not err in denying the motion as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*