36156. HARRISON, by Next Friend, *v.* LEAGUE.

DECIDED APRIL 9, 1956.

720

*Mixon & Chambers,* for plaintiff in error.

*J. Walker Harper, Fulcher, Fulcher & Hagler,* contra.

GARDNER, P. J. 1. Since the case is to be reversed on special grounds, we will not set out or discuss the evidence as to the general grounds, since the evidence could be different should the case be tried again.

2. Special ground 1 assigns error on the following charge of the court: "If you believe all of the contentions of the plaintiff, and that the defendant was negligent, and the defendant's negli-

gence was the sole proximate cause of the injury, you would be authorized to find a verdict for the plaintiff." It is contended that this excerpt was erroneous and injurious to the plaintiff because: It was misleading to the jury in that it instructed the jury to understand that the plaintiff would be under a burden to prove all of his contentions, and that he would have to prove that the negligence of the defendant was the sole proximate cause of the injury, before they would be authorized to return a verdict for the plaintiff. This court held in *Callahan* v. *Cofield*, 61 *Ga. App.* 780, 782 (7 S. E. 2d 592): "There may be more than one proximate cause of an injury. *Shermer* v. *Crowe*, 53 *Ga. App.* 418 (3) (186 S. E. 224). It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred. *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161, 173 (59 S. E. 442)." In *Ponder* v. *McKenzie*, 89 *Ga. App.* 846, 851 (81 S. E. 2d 551), this court said: "It was for the jury to determine whether the two defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent negligence of the two defendants, or the separate acts of either, constituted the proximate cause or causes of the injury . . . 'The proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently in causing the injury.' [Cit.]"

It is contended that the fact that only one of two tortfeasors is sued would not affect the plaintiff's right to recover against either. This is a true principle of law. In *Louisville &c. R. Co.* v. *Ellis*, 54 *Ga. App.* 738, 785 (189 S. E. 559), this court said: "Where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors, even though the care owed by them to the injured person be different." See also *Southern Ry. Co.* v. *Blanton*, 56 *Ga. App.* 232 (192 S. E. 437), wherein it is held: "It is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to

define and limit the other act as constituting the proximate cause; for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause." It is contended that the excerpt from the charge of the court excluded the jury from considering that the plaintiff's injury was caused by the concurrent negligence of the drivers of the two respective cars, although the petition nowhere contained an allegation exonerating Hydrick from all negligence, nor did the petition credit Hydrick with the exercise of ordinary care, and the petition named only the defendant as being the responsible party against whom a recovery was sought. As to whether, under the evidence, Hydrick and the defendant were concurrently negligent, is a jury question.

It is also contended that the excerpt quoted hereinabove placed an undue burden on the plaintiff in proving his case by placing a condition precedent to a recovery, that the plaintiff must not only prove all of his contentions by a preponderance of the evidence, but that he prove the defendant's negligence to have been the sole proximate cause of the injury; that since the petition contained nine separate charges of negligence on the part of the defendant, the plaintiff would only be required to establish one of the acts of negligence as alleged as being a concurring part of the proximate cause of his injury. It is contended that the charge as a whole did not correct this error, inasmuch as there was no instruction on concurring negligence. *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442), and *Shermer* v. *Crowe*, 53 *Ga. App.* 418 (186 S. E. 224).

3. Special ground 2 assigns error on the following excerpt from the charge of the court: "Even though you find that the child was injured, the doctors' bills incurred and paid, and that the child has suffered, you would not be authorized to render a verdict against the defendant unless you determine that he was negligent and the defendant's negligence was the proximate cause of the injury to the plaintiff. If you get out there and don't know just exactly which one was negligent or what negligence caused the injury to the plaintiff, the plaintiff would not be entitled to recover because the law would help you out by showing that the plaintiff has not carried the burden of proving the allegations in his petition, as required by law, and in that

event you would find for the defendant." The plaintiff contends that this is persuasive and designed to caution the jury against finding for the plaintiff and making it easier for them to find for the defendant; that the excerpt was prejudicial to the plaintiff's cause and unsound as an abstract principle of law. The other details of this assignment of error are practically the same as found in special ground 1, and therefore we will not reiterate them here. The Supreme Court held in *Kelly* v. *Locke,* 186 *Ga.* 620 (3) (198 S. E. 754), as follows: "The judge charged the jury as follows: 'You have got to decide whose negligence caused the accident. Was the negligence of the driver of the car in which the plaintiff was riding the direct and immediate cause of the accident? Or was the parking of the truck on the side of the road the immediate and direct cause of the accident?' This charge was erroneous, because it was open to the construction that it 'required the jury to find that either the negligence of the driver of the car, or the negligence of the driver of the truck, one or the other, was the cause of the injury, and prevented the jury from finding, as they might have done under the evidence, that the negligence of both drivers contributed concurrently and directly to bringing about the injury and together constituted the proximate cause.' " See also *Bellamy* v. *City of Atlanta,* 75 *Ga.* 167. It is contended that this excerpt influenced the jury to eliminate from consideration the evidence which could have been interpreted to show that, had each of the drivers been properly observant, the plaintiff would not have been injured.

Counsel for the defendant argues that the contention as to this special ground was simply nothing more than another method of stating that it was incumbent upon the plaintiff to carry the burden of proof and establish by a preponderance of the evidence that the injury resulted from negligence and that there was some negligence on the part of the defendant. Counsel for the defendant cites *Nissen* v. *Goodyear Tire &c. Co.,* 90 *Ga. App.* 175 (82 S. E. 2d 253). The instruction in the *Nissen* case did not inject any new or distinct rule of law, but merely emphasized the burden of proof. In the instant case the trial judge came very close to injecting a new principle of law for establishing lack of liability on the part of the defendant.

4. Special ground 3 assigns error on the following excerpt

from the charge: "Now, I am going to charge you the law applicable to the case of Leonard Harrison, by next friend. Now, the plaintiff contends that the defendant, Lawrence C. League, by his negligence, injured and damaged him in the sum of fifty-four thousand and some odd dollars, as you will find from the pleadings in this case, and that would include his pain and suffering and loss of ability to earn money after his majority. He contends that henceforth he could have earned $1,800 a year and that he has a life expectancy of 50 years, but you would reduce that expectancy of 50 years by the amount that you find from the evidence to be his age now, until he reached his majority of 21 years. Now, his father, if he was entitled to recover for the loss of services, you would find for the loss of such services from the date of the injury to the time he reached his majority, provided the defendant's negligence was the sole proximate cause of the injury to the plaintiff."

Counsel for the plaintiff contends that this excerpt from the charge is erroneous and injurious because: that it was confusing to the jury to be instructed that the principle of law thus enunciated would be applicable only to the case of the plaintiff, by next friend, whereas the instructions were extremely vague in the intended application and did not relate to the case of Leonard Harrison, by next friend; that it was misleading to the jury because it excluded from their consideration all situations in which the plaintiff might have recovered for injury, the proximate cause of which were the concurrent acts of negligence of the defendant and Hydrick, as well as all situations in which the plaintiff might have recovered for injury, the proximate cause of which was the negligence of the defendant, combined with some lesser amount of negligence on the part of Hydrick, and in excluding from the consideration of the jury the possibility of recovery under such circumstances, thereby injuring the plaintiff in his substantive rights; that such charge was erroneous as an abstract principle of law, was confusing, misleading, and amounted to instructing the jury that negligence on the part of Hydrick in any degree would bar a recovery by the plaintiff. It is contended that this confusion was brought about because two cases were being tried together (see *Harrison* v. *League,* post). So far as we can determine, the two cases

are predicated on the same collision, the same pleadings are used, the same errors assigned in the special grounds, the only difference being that in the case at bar Leonard Harrison, by next friend, is seeking a recovery for injuries to himself, and in the companion case G. O. Harrison, the father of Leonard Harrison, is seeking damages for the loss of services of his minor child, and a recovery of medical expenses, including hospitalization expenses paid out on behalf of his injured son. See *Citizens & Southern Nat. Bank* v. *Kontz,* 185 *Ga.* 131 (194 S. E. 536), and cases cited regarding special grounds 1 and 2.

5. Special ground 4 assigns error because the court charged as follows: "Now, the defendant comes in and he denies that he was negligent. He denies that his negligence caused the injury to the plaintiff, and the defendant contends that the driver of the automobile in which the plaintiff was riding was negligent in driving into Walton Way without it being clear and that that driver violated the law, and that violation was negligence per se and that if anybody is liable to the plaintiff for the injury it is the driver of the automobile in which he was riding." It is contended that such charge was erroneous and injurious because: (a) It was argumentative on behalf of the defendant in that it went beyond the contentions of the plaintiff and pointed out to the jury that "if anybody is liable to the plaintiff, it is the driver of the automobile in which he was riding." It is contended that nowhere in the defensive pleadings does such an allegation appear. (b) Counsel for the plaintiff avers that the court in so charging instructed the jury that the plaintiff had a more appropriate remedy against a third party. (c) It did not properly confine the issue to the question of liability of the defendant.

Such charge was no doubt confusing to the jury and did not make plain the principle of law that the jury might consider the possibility of recovery for concurrent negligence on the part of both drivers. In *Atlantic Coast Line R.* v. *Canty,* 12 *Ga. App.* 411 (1) (77 S. E. 659), this court said: "The charge of the trial judge was, in the main, a full and correct presentation of the law applicable to the evidence, but upon a crucial point in the case the instructions were so likely to have confused the jury that they must be presumed to have been injurious to the losing party, and a new trial should have been granted." See *Tyson* v. *Shoemaker,* 208 *Ga.* 28, 31 (65 S. E. 2d 163).

6. Special ground 5 assigns error because it is alleged therein that the court charged the jury more favorably to the defendant and less favorably to the plaintiff as to city traffic ordinances, thus implying that Hydrick was under a greater duty to abide by the traffic regulations than was the defendant. Traffic ordinances were properly pleaded. The plaintiff alleged that the defendant violated the traffic ordinances, and the defendant in his answer alleged that the plaintiff was so negligent. The charge on this point is so lengthy that we do not set it out here, inasmuch as the assignments of error on this special ground and the contentions of counsel are covered heretofore in the four previous special grounds. See *Whedon* v. *Knight,* 112 *Ga.* 639 (37 S. E. 972), and *Smith* v. *Hazelhurst,* 122 *Ga.* 786 (50 S. E. 917).

7. Special ground 6 assigns error on the charge of the court regarding the duty of drivers to obey traffic signals unless otherwise directed by a police officer, and that to fail to do so entails negligence per se, and that if such negligence per se was the proximate cause of the collision, "the plaintiff cannot recover and your verdict should be for the defendant." Counsel contends that the instructions left the jury with the misleading idea that, unless Hydrick was directed by a police officer to disobey the traffic signals, then he was guilty of negligence per se, and that this ordinance regarding police officers was not injected into the case by the pleadings or the evidence. This is somewhat confusing, inasmuch as we do not find anything in the pleadings or the evidence to warrant the charge. See *Western & Atlantic R. Co:* v. *Casteel,* 138 *Ga.* 579 (75 S. E. 609); *Adams* v. *Slocum,* 26 *Ga. App.* 799 (107 S. E. 375); *Jeter* v. *Davis,* 33 *Ga. App.* 733 (127 S. E. 898).

8. Special ground 7 assigns error on the following excerpt from the charge: "I charge you that the traffic laws of the State of Georgia provide that an operator of another vehicle who is approaching from the left on an intersecting highway shall give the right of way to the operator of a vehicle approaching from the right on an intersecting highway. I charge you that this traffic law is applicable not only to State highways but also to public streets within the limits of cities. The driver of a vehicle having the right of way at a highway or street intersection,

ordinarily has the right to assume and to act upon the assumption that drivers of cars approaching the intersection on his left will yield the right of way and also that they will exercise the ordinary care required of them. This State law that at an intersection the driver on the right shall have the right of way is not limited to two vehicles coming to an intersection simultaneously or practically so, but is applicable to any situation where the distances between the two vehicles, their relative speeds or any other circumstances show that the driver on the left should reasonably apprehend a collision would occur unless he yielded the right of way. If you should believe from the evidence that Louie Hydrick was approaching the intersection from the defendant's left and that the defendant was approaching said intersection from Louie Hydrick's right simultaneously, or practically so, or that the distances between the two vehicles, their relative speeds and the other circumstances showed that Louie Hydrick should have reasonably apprehended a collision would occur unless he yielded the right of way, and if you further believe from the evidence that Louie Hydrick failed to yield such right of way, then Louie Hydrick would be guilty of negligence per se, and if you believe that such negligence per se was the sole proximate cause of the collision, then I charge you that the plaintiff cannot recover against Lawrence C. League."

Counsel for the plaintiff contends that this was erroneous, in that it was more fair to the defendant than to the plaintiff, in that it did not leave the jury with a choice so that they might have found that the defendant was violating traffic laws; that the charge was incomplete and excluded from the consideration of the jury the plaintiff's right to recover if the defendant could have avoided the injury to the plaintiff by the exercise of ordinary care; and that the jury could have found, under proper instructions from the court, that negligence on the part of the defendant was a concurring proximate cause of the injury to the plaintiff, and thus they would have been authorized to find in favor of the plaintiff; that the excerpt from the charge was misleading and confusing, in that it called upon the jury to determine whether or not Hydrick yielded the right of way to the defendant, whereas there was no evidence that Hydrick failed to stop before entering the intersection, and there was no

evidence that Hydrick saw the approaching vehicle driven by the defendant. Counsel for the plaintiff calls our attention to *Williams* v. *Grier*, 196 *Ga.* 327, 338 (26 S. E. 2d 698), wherein the Supreme Court said: "The defendants themselves were violating a municipal ordinance; and this being true, it was incumbent upon them to anticipate that others, like themselves, might disobey the traffic laws and regulations." In *Smith* v. *American Oil Co.*, 77 *Ga. App.* 463 (2d) (49 S. E. 2d 90), this court said: "One who violates a municipal ordinance regulating the use of motor vehicles is bound to anticipate that others like himself might violate a municipal traffic ordinance. In such event it is incumbent on such a one to guard not only against negligence on the part of others which he might discover in time to avoid the consequences, but also against the ordinary danger of their being negligent which he might not discover until too late for him to avoid it." In *Ponder* v. *McKenzie*, supra, at page 852, it is held: "Under the allegations of the petition, there was a duty upon each of the defendants to anticipate that others like himself would disobey the traffic laws and regulations, as each defendant is charged with one or more violations of the traffic laws and regulations." See *Williams* v. *Grier*, supra, *Smith* v. *American Oil Co.*, supra, and *Ponder* v. *McKenzie*, supra.

Counsel for the defendant argues special ground 7 strenuously and cites the following in support of his contentions: *Petty* v. *Moore*, 43 *Ga. App.* 629 (159 S. E. 728); *Smeltzer* v. *Atlanta Coach Co.*, 44 *Ga. App.* 53 (160 S. E. 665); *Eddleman* v. *Askew*, 50 *Ga. App.* 540 (179 S. E. 247); *Hall* v. *Ponder*, 50 *Ga. App.* 627 (179 S. E. 243); *Laseter* v. *Clark*, 54 *Ga. App.* 669 (189 S. E. 265); *Essig* v. *Cheves*, 75 *Ga. App.* 870 (44 S. E. 2d 712). It is our opinion that this excerpt of the trial court was not erroneous under Code § 68-303(g) and decisions of the appellate courts.

9. Special ground 8 assigns error because the court did not charge the jury upon the substantial and vital issues in the case and the law applicable thereto. Counsel for the plaintiff argues that, under the evidence, two vital issues were presented for the determination of the jury, i.e.: "(1) whether or not the defendant was in the exercise of ordinary care in the operation of his

automobile after he saw the vehicle in which Leonard Harrison was riding; and (2) whether or not a failure on the defendant's part to exercise ordinary care to avoid the collision and to lessen the force of the collision after he became aware of the presence of the other vehicle was a contributing proximate cause of the child's injury." Counsel for the plaintiff argues in the brief that this ground, along with special grounds 5, 6, 10, and 11, all deal generally with the charge being unduly favorable to the contentions of the defendant, and the law applicable thereto, and with the said charge not being a full and fair presentation of the issues in the case and the law applicable thereto. We have heretofore discussed special grounds 5 and 6. Special grounds 10 and 11 are very much like special ground 8. See cases heretofore cited under special grounds 5 and 6; and also *Bowden* v. *Achor*, 95 *Ga.* 243 (8) (22 S. E. 254); *Camilla Cotton Oil Co.* v. *Cawley*, 52 *Ga. App.* 268, 271 (183 S. E. 134), and *Macon Ry. &c. Co.* v. *Vining*, 123 *Ga.* 770, 772 (3) (51 S. E. 719).

10. Special ground 9 assigns error because the court in its charge to the jury submitted to them as the controlling issue in the case whether or not the driver Hydrick was guilty of negligence per se in failing to yield the right of way to the defendant at the intersection, whereas, under the pleadings and the evidence, this was not the only issue in the case. Movant contends that there were several other vital issues for the consideration of the jury; that the court overemphasized the contention of the defendant in his answer that Hydrick failed to stop at the stop sign and failed to yield the right of way to the car of the defendant, and that by so stressing this point the court failed to present fairly the remaining issues in the case. This ground is meritorious.

11. In support of the contention that the charge as a whole was sufficient to sustain the verdict of affirmance, counsel for the defendant cites and relies on: *Laney* v. *Barr*, 61 *Ga. App.* 145 (6 S. E. 2d 99); *Minnick* v. *Jackson*, 64 *Ga. App.* 554, 564 (13 S. E. 2d 891); *Richter* v. *Atlantic Co.*, 65 *Ga. App.* 605, 609 (16 S. E. 2d 259); and *Brown* v. *Brown*, 89 *Ga. App.* 428 (80 S. E. 2d 2).

This court realizes that the trial court had a big problem in ferreting out the evidence and covering all facets of the evidence

and the pleadings with suitable charges; but at the same time the appellate courts must necessarily keep in mind that all parties must be protected and that former decisions of the appellate courts must prevail when points the same or very similar to the points here involved have already been passed upon adversely to the contentions of the defendant's answer. Distinguished counsel for the defendant has filed a very comprehensive brief on all points covered by counsel for the plaintiff. We agree with his statement that the charge as a whole should be considered. He cites and quotes from *Central of Ga. Ry. Co.* v. *Leonard*, 49 *Ga. App.* 689 (176 S. E. 137). We adopt as our restatement of this principle of law part of the quotation as given in the case immediately hereinabove cited (at p. 702): "The charge of a trial judge has for its purpose to inform the jury as to the substantial law upon the issues involved in the case. When this has been done, and no error has been committed in the statement of the law, errors of the nature here alleged should be cautiously scanned. They should be taken in the light of the whole charge. . . 'A reviewing court will look to the nature of the case and the charge as a whole, to ascertain whether the jury has been misled, or whether it is likely that the contentions of the parties have been misunderstood. . .'" See also *Georgia Ry. &c. Co.* v *Shaw*, 40 *Ga. App.* 341 (149 S. E. 657). We think that the special grounds are meritorious with the exception of those which we have hereinabove indicated as being without merit.

The whole charge of the court did not cure the errors. We therefore must reverse the case on the special grounds which are meritorious, as set out in detail in our opinion hereinabove. The court erred in denying the motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*