42980. THRUWAY SERVICE CITY, INC. v. TOWNSEND.

JORDAN, Presiding Judge. Dennie Townsend brought this action in Gwinnett Superior Court against Thruway Service City, Inc., for damages allegedly caused by the negligent action of defendant's employee in filling the fuel tank of a diesel truck with gasoline. The defendant appeals from an adverse verdict and judgment, its motion for a new trial having been overruled. *Held:*

1. The first three enumerated errors are identical with the general grounds of a motion for new trial, and, not being insisted upon, are treated as abandoned.

2. The fourth enumerated error is directed to the admissibility of unidentified documentary evidence without proper foundation as to its authenticity. Counsel argues this asserted error in his brief in reference only to the plaintiff's Exhibit No. 2, an undated invoice on a Shell Oil Company form to "Essofleet Thruway Service City, Inc.," for 93 gallons of diesel fuel, two 6-volt batteries, and road service. Plaintiff's Exhibit No. 3 is the same type invoice, listing identical charges for two batteries and road service, and plaintiff's Exhibit No. 4 is also the same type invoice, listing an identical charge for diesel fuel, less 2¢ per gallon discount, and the charges on these forms are invoiced to "D. Townson." The plaintiff's driver identified all of these documents as receipts he obtained at a service station which correctly state the charges incurred when the engine of the truck became overheated and he stopped, some 50 miles away from the defendant's service station, at which time his helper discovered that the fuel tank had been filled with gasoline. The plaintiff testified that in a telephone conversation he instructed the operator at the Shell service station, otherwise unidentified, to prepare an invoice for the defendant. Plaintiff's Exhibit No. 2, especially when considered with Exhibits No. 3 and 4, was properly admitted in evidence as the memorandum of a transaction made in the regular course of business. *Code Ann.* § 38-711.

3. The defendant asserts, in the fifth enumerated error, that evidence of telephone conversations was inadmissible hearsay. The evidence is identified in the brief as the testimony of the plaintiff concerning various conversations with representatives of the defendant. The record reveals testimony by the plaintiff of a number of telephone conversations with persons who identified themselves as representatives of the defendant, usually as the manager or assistant manager of the service station, some of whom made statements virtually admitting the defendant's liability during the course of discussions as to what the plaintiff should do to recoup his expenses and mitigate further losses. As the result of one of these telephone calls the plaintiff received information that the manager was out of town and would return that night. He then received a telephone call from a person identifying himself as the manager who told him to have the engine torn down in Chattanooga to determine what repairs were necessary, which he did. While no person is identified by name we think the

testimony viewed together with the record as a whole identifies the persons to whom the plaintiff talked as representatives of the defendant corporation having apparent authority to discuss the matter with the plaintiff, so as to establish authenticity. See the *Ayers* and *Dowdle* cases, cited infra. Although the owner of the corporation denied the authority of others to speak for him, he did not deny the fact of telephone conversations with persons who purported to act for the corporation. These conversations also clearly explain the conduct of the plaintiff following the incident allegedly causing his losses, as to what he did and why. Under the circumstances here shown we think the testimony was admissible as original evidence to explain conduct in respect to material issues in the case, and it is thus outside the hearsay rule. *Code* § 38-302; *Ayers v. John B. Daniel Co.*, 35 Ga. App. 511 (2) (133 SE 878); *Myers v. Brown*, 74 Ga. App. 534 (1) (40 SE2d 391); *Dowdle v. West Lumber Co.*, 79 Ga. App. 663 (1) (54 SE2d 682); *Nissen v. Goodyear Tire &c. Co.*, 90 Ga. App. 175 (1) (82 SE2d 253); *Pope v. Associated Cab Co.*, 90 Ga. App. 560 (3) (83 SE2d 310). The present case is distinguishable on its facts from cases such as *Denson v. State*, 209 Ga. 355 (6) (72 SE2d 725), where nothing appears in the report of the case to disclose that the telephone conversation was outside the scope of the hearsay rule as stated in *Code* § 38-301.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 27, 1967.

*Alvin N. Siegel, Bennett A. Grude,* for appellant.
*Stark & Stark, Homer M. Stark,* for appellee.