## 53424. LANKFORD v. TRUST COMPANY BANK et al.

MARSHALL, Judge.

Appellant Lankford, plaintiff below, brings this appeal from the grant of motions to dismiss his complaint by the trial court in favor of the appellees, defendants below, the Hyatt Corporation and the Trust Company Bank. Because the court accepted and considered interrogatories and depositions filed by both parties, the issues are before us in the stance of grants of summary judgment in favor of the Hyatt Corporation and the bank. See Code § 81A-112 (b); *Dept. of Transportation v. Knight,* 238 Ga. 225 (1977).

As necessary to this decision, the facts show that an unknown person used Lankford's Master Charge account number to charge room rent at the Regency Hotel on the day following the date that Lankford notified Trust Company Bank that the card had been lost or stolen. Notwithstanding the bank's flagging action on that account, thereafter the bank sent Lankford a Master Charge bill containing the hotel charge. Lankford's wife opened the mail and questioned him about the hotel charge. In spite of his protestations of innocence and insistence of a bank error, his wife refused to believe him, particularly because the bank continued to insist on payment. Thereafter Lankford's wife successfully sued him for divorce upon unstated grounds and was awarded alimony, child support and property. It was disputed whether the check-in clerk at the Regency Hotel simply accepted an oral recitation of the card number by the purchaser of the room or demanded to see a plastic card. Based upon alleged acts of negligence by the Hyatt Corporation in not demanding to see the actual card at time of check-in during March, 1972, and the continued insistence of the bank to collect the charge in spite of its notification that before the charge was incurred the card had been lost, Lankford brought suit against both defendants in March, 1976, seeking compensation for the loss of consortium with his wife and the other consequences of his divorce. It is uncontested that the amount of the hotel charge was approximately $31. Though the bank origi-

nally deducted that amount from Lankford's checking account, that sum of money had been refunded to Lankford prior to this suit and is not in issue in this case. Appellant enumerates as error the grant of the motions to dismiss based upon the court's holding that as to the Hyatt Corporation the action was barred by the statute of limitation and as to the appellee bank, there was no cause of action based upon a breach of contract. *Held:*

1. However one considers the facts of this case, the alleged acts of negligence are separate and distinct as related to the hotel and the bank. The only act of alleged negligence attributable to the hotel was the acceptance by the clerk of the charge account number without demanding to see the plastic charge card. The alleged negligence of the bank was the submission of a charge following the flagging of the account and the continuing efforts to collect the charge for a period of several months after the charge had been billed but protested. The single act of the hotel occurred in March, 1972. Suit was not brought on any of the alleged acts of negligence until March, 1976.

In an action for injuries based upon the alleged negligence of a defendant, the statute of limitation commences to run from the breach of the duty, and not from the time when the extent of the resulting injury is ascertained. *Brewer v. Southern Gas Corp.,* 90 Ga. App. 81 (82 SE2d 171) (1954). See *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583) (1894); *Riser v. Livsey,* 138 Ga. App. 615 (227 SE2d 88) (1976); *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (170 SE2d 339) (1969); *Sicklesmith v. Citizens Bank of Hapeville,* 101 Ga. App. 533 (114 SE2d 319) (1960); *Saffold v. Scarborough,* 91 Ga. App. 628 (86 SE2d 649) (1955); *Dowling v. Lester,* 74 Ga. App. 290 (39 SE2d 576) (1946). Actions for injuries to the person shall be brought within two years after the right of action accrues. Code § 3-1004. In this case, the sole alleged act of negligence occurred more than two years prior to the filing of the suit by Lankford. It follows that the trial judge did not err in dismissing the complaint as to the appellee Hyatt Corporation because of the applicability of the statute of limitation.

2. As to the appellee Trust Company Bank, we are

dealing with a different basis for the trial judge's ruling. Lankford insists that there was a contractual relationship existing between himself and the bank. Pretermitting the existence of such a relationship, it is of no aid to Lankford in this suit. Assuming the contractual relationship, the bank would have violated it only by seeking the recovery of charges to which it was not entitled. Such a breach would entitle Lankford to recover any improperly collected charges. Such right of recovery, however, in this case is academic at best, inasmuch as Lankford, long before the institution of this suit, had recovered the charge for the hotel bill, and has not sought to recover the charge a second time. Rather than base his recovery upon the improper attempts to collect or the collection of the one charge, Lankford premises his damages indirectly upon his wife's refusal to believe him and for the breakup of his marriage.

Damages growing out of a breach of contract, in order to form a basis of recovery, must be such as could be traced solely to the breach, be capable of exact computation, must have arisen according to the usual course of things, and be such as the parties contemplated as a probable result of such breach. The measure of damages in such case is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. *Crawford & Associates v. Groves-Keen, Inc.,* 127 Ga. App. 646, 650 (194 SE2d 499) (1972). If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer. Code § 105-2008. Damages must flow from the legal and natural result of the act done. Code § 105-2009. The question of proximate cause is one for a jury except in palpable, clear, and indisputable cases. We think the facts alleged in this complaint bring it within the exception and subject it to be ruled upon as a matter of law. The court must assume this burden where a jury can draw but one reasonable conclusion if the facts alleged are proved, that conclusion being that the acts of the defendant were not the proximate cause of the injury. *Stallings v. Ga.*

*Power Co.,* 67 Ga. App. 435 (20 SE2d 776) (1942). In our opinion, a jury could not reasonably conclude that the appellant's divorce, alimony and property settlement were proximately caused by the improper billing of a single hotel charge. *Crankshaw v. Piedmont Driving Club, Inc.,* 115 Ga. App. 820, 821 (156 SE2d 208) (1967); *Covington v. S. H. Kress & Co.,* 102 Ga. App. 204, 205 (115 SE2d 621) (1960). See *Hadden v. Southern Messenger Service,* 135 Ga. 372, 374 (69 SE 480) (1902); *Sicklesmith v. Citizens Bank of Hapeville,* 101 Ga. App. 533, supra. In view of the foregoing, the trial judge did not err in dismissing the complaint as to the appellee Trust Company Bank as failing to state a claim based upon a breach of contract.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED
MARCH 18, 1977.

*Freeman & Hawkins, Albert H. Parnell, Michael J. Goldman,* for appellant.

*Gambrell, Russell, Killorin & Forbes, David A. Handley, Jack O. Morse, Michael N. Mantegna,* for appellees.