58625. WHITMIRE et al. v. WOODBURY et al.

SMITH, Judge.

This appeal is from a jury verdict awarding $63,598.01 damages to appellees in their action for trespass, assault, invasion of privacy and intentional infliction of emotional distress. We reverse.

1. Although appellants' requested charge on proximate causation was incomplete and therefore properly rejected (see *McMullen v. Vaughan,* 138 Ga. App. 718, 721 (227 SE2d 440) (1976)), we nonetheless believe that the trial court committed reversible error by failing to give any charge on proximate causation.

Under Georgia law, a plaintiff may recover for severe emotional distress without concurrent physical injury "in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." *Dunn v. Western Union Tel. Co.,* 2 Ga. App. 845 (3) (59 SE 189) (1907). "Where an injury inflicted upon the plaintiff by the defendant constitutes the basis on which recovery is sought, it is incumbent upon the plaintiff to show that certain acts of the defendant were the proximate cause of the injury. This is true whether the acts were committed maliciously, wilfully, wantonly, or negligently." *Nissen v. Goodyear Tire &c. Co.,* 90 Ga. App. 175 (3) (82 SE2d 253) (1954). Clearly, an action for intentional infliction of emotional harm requires proof of proximate cause. See Restatement (Second) of Torts, § 46, pp. 71-72.

Although the trial court charged the jury that "money damages may be recovered where the plaintiffs have suffered a wanton, voluntary or intentional wrong at the hands of the defendants and where the natural result of the defendants' acts is the causation of emotional harm or mental suffering," the trial court did not provide a complete charge on proximate cause.

This court has recently held that proximate cause is such an

essential element of negligence actions that a failure to charge on proximate causes necessitates reversal. See *Cline v. Kehs,* 146 Ga. App. 350, 352 (246 SE2d 329) (1978). In our view, the element of proximate cause is no less essential to actions for intentional infliction of emotional distress.

2. Appellants assert that the trial court erred in charging the jury that "a customer has a legal right to order his or her bank to stop payment on any check payable from the customer's bank account." This assertion is without merit. The right of a bank customer under UCC § 4-403 (Code Ann. § 109A-4—403) to order his bank to stop payment on any instrument payable from his account cannot be construed as depending on the validity of the underlying obligation between the customer and the payee of the instrument. The right exists between the bank customer and his drawee bank, and cannot be destroyed or impaired by the payee of an instrument for which the bank has received an otherwise valid stop payment order. The enforceability of a debt obligation underlying an instrument upon which payment has been stopped is unaffected by the stop order, and the payee of such an instrument can still assert any and all claims he has against the drawer of the instrument for the amount of the original obligation. We hold that the charge of the trial judge in this case to the same effect was a full and accurate statement of the law.

3. Appellants' fourth enumeration of error states that the trial court erred in giving "five repetitive charges concerning an invasion of privacy cause of action." We reject this contention. The charges given by the trial court set out in clear and concise terms the elements of invasion of privacy. See *Cabaniss v. Hipsley,* 114 Ga. App. 367, 370 (151 SE2d 496) (1966). The charges were neither repetitive nor prejudicial.

4. Appellants' fifth and sixth enumerations of error concern the trial court's denial of appellants' motion for new trial. Appellants contend that "the verdict reached by the jury was excessive, amounted to a double recovery, and shows undue bias and prejudice against the Appellants." We agree.

The trial court's instructions on trespass authorized, upon the requisite findings of fact, the award of *nominal* damages for an invasion of appellees' property rights and *compensatory* damages in an amount corresponding to the "reasonable value of labor and materials used to repair any damage done to the land or real property by the trespass." The jury awarded $15,000 compensatory damages for trespass.

The evidence most favorable to appellees on compensatory

damages for trespass was the following testimony of one of the appellees: "If I had somebody to fix it [the property allegedly damaged by appellants], you know, for me, it would have been thirty to forty dollars." Inasmuch as the maximum allowable compensatory damages for trespass is $40, the award of $15,000 compensatory damages was grossly excessive.

5. The jury also awarded $25,000 compensatory damages for assault, invasion of privacy and intentional infliction of emotional distress, and $10,000 as exemplary ("additional") damages. Although appellees contend that the award of $10,000 exemplary damages was authorized under Code § 105-2002, we believe this award constitutes an impermissible double recovery under Georgia law.

Code § 105-2002 provides: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass *or* as compensation for the wounded feelings of the plaintiff." (Emphasis supplied.) "Under this section, damages are allowable either to deter the wrongdoer or to compensate for wounded feelings, but not both. *Johnson v. Morris,* 158 Ga. 403." *Westview Cemetery v. Blanchard,* 234 Ga. 540, 544 (216 SE2d 776) (1975). Under *Westview Cemetery v. Blanchard,* supra, the jury awards of $25,000 compensatory damages for assault, invasion of privacy and intentional infliction of emotional distress, and $10,000 exemplary damages clearly constitute double recovery, See also *U. S. Shoe Corp. v. Jones,* 149 Ga. App. 595, 599 (255 SE2d 73) (1979).

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED MARCH 12, 1980 — REHEARING DENIED MARCH 27, 1980 —

*Michael J. Gorby,* for appellants.
*Charles H. Ivy,* for appellees.

