### 36314. WOODBURY et al. v. WHITMIRE et al.

JORDAN, Presiding Justice.

We granted certiorari to review Divisions 1, 4 and 5 of the Court of Appeals' opinion in *Whitmire v. Woodbury,* 154 Ga. App. 159 (267 SE2d 783) (1980).

The facts, not discussed by the Court of Appeals, are briefly as follows: Petitioner John Woodbury took his car to Global Imports for repairs. His car was not ready when promised. He returned one week later to pick it up and paid for it by check. Woodbury felt that the problem with the car had not been corrected and returned it to Global. It was delivered to him again, and feeling that the car was still not repaired, he returned it once more to Global. He stopped payment on the check he had given to Global.

After refusing to have further work done on the car at additional expense, Woodbury drove it home. On the evening of June 10, 1977, six employees of Global drove over to the Woodburys' home. Though the exact nature of their visit was in dispute, there was testimony that these employees raced up and down the Woodburys' street in two cars and walked onto their front lawn and doorstep with beer bottles in their hands. When one employee saw Woodbury's car in his backyard, they climbed over a gate to get to it, damaging the gate. Woodbury and his wife testified that the employees threatened to beat him up, and a neighbor's son was allegedly threatened as well if he tried to interfere further. One neighbor was told by one of the defendants that John Woodbury wrote bad checks and did not pay his debts.

After a policeman arrived, the employees left. Mrs. Woodbury was hysterical as a result of the evening's events.

The Woodburys sued William Whitmire, doing business as Global Imports, and the six employees for trespass, assault, invasion of privacy and the intentional infliction of emotional distress. They also asked for attorney fees. After a trial, the jury returned a verdict awarding the Woodburys $15,000 for trespass, $25,000 for assault,

invasion of privacy and the intentional infliction of emotional distress, $10,000 punitive damages, and $13,598.01 for attorney fees.

The Court of Appeals reversed on three grounds. In Division 1, the Court of Appeals found reversible error in the trial judge's failure to charge on proximate cause. In Division 4, the court found the $15,000 for trespass verdict excessive, and in Division 5, the court held that the $10,000 punitive damage award, in addition to the award of $25,000 as compensatory damages, amounted to a double recovery. *Whitmire v. Woodbury,* supra, at 159-161. We will consider these divisions in order.

1. Woodbury contends that proximate causation was not an issue at trial, and that the trial court could have found its existence as a matter of law since there is no disputed fact concerning causation which would mandate the need for the jury's decision.

"The question of proximate cause is one for a jury except in palpable, clear, and indisputable cases." *Lankford v. Trust Co. Bank,* 141 Ga. App. 639, 641 (234 SE2d 179) (1977). Our application of this rule of law expressed in *Lankford* to the facts of this case in no way tarnishes the holding in *Cline v. Kehs,* 146 Ga. App. 350, 352 (6) (246 SE2d 329) (1978), cited by the Court of Appeals in this case. Since the facts of this case, coupled with the defendants' failure to raise an issue concerning proximate cause or to even adequately request the court to charge on it, place it squarely within the exception noted in *Lankford,* supra, we reverse Division 1 of the Court of Appeals opinion.

2. We agree with the Court of Appeals' holding in Division 4 that the compensatory damages for trespass awarded by the jury ($15,000) were excessive because only $40 actual pecuniary loss, resulting from the broken gate, was involved.

However, we do not feel that this excessiveness necessarily requires reversal of the trial court's judgment on the verdict nor does it require retrial of the case. Woodbury may elect to voluntarily reduce the amount of the judgment he received to $40 for the trespass. Where a definite and readily ascertainable portion of a verdict should not have been awarded to the plaintiff, a court can as a matter of law condition the denial of a new trial on a remittitur of that portion of the judgment by the plaintiff. *Central R. Co. v. Perkerson,* 112 Ga. 923 (38 SE 365) (1900). Such a remittitur does not infringe upon the Seventh Amendment's guaranty of trial by a jury. Curtis Publishing Co. v. Butts, 351 F2d 702 (5th Cir. 1965). Therefore, we reverse this division of the Court of Appeals' opinion on the condition that Woodbury reduce the amount of his recovery for trespass to $40.

3. Finally, we reverse Division 5 of the Court of Appeals' opinion. The Court of Appeals assumes that the $10,000 punitive

damage award amounted to an impermissible double recovery because, being in addition to the $25,000 compensatory damages award for assault, invasion of privacy and the intentional infliction of emotional distress, it either compensated the plaintiffs for their wounded feelings or it was meant to deter the wrongdoer from repeating the trespass after the plaintiffs had already been compensated. See Code Ann. § 105-2002.

"[T]he additional damages allowed [under Code Ann. § 105-2002] are what would commonly be called 'punitive' in that *such damages are in addition to compensatory damages* and in that the award is based not on the extent of the plaintiff's injury but on the aggravated nature of the defendant's conduct." *Westview Cemetery v. Blanchard,* 234 Ga. 540, 544 (216 SE2d 776) (1975). (Emphasis supplied.)

Where a plaintiff pleads and proves actual pecuniary loss for which he or she seeks compensatory damages, and the tort complained of is of such an aggravated nature to warrant a charge on punitive damages (Code Ann. § 105-2002), it is permissible for the jury to award both compensatory damages for the injury done and additional or punitive damages to either compensate for wounded feelings or to deter the defendant from similar, wrongful conduct. The Court of Appeals opinion overlooks the fact that there is actual pecuniary loss involved, though minimal. The jury obviously intended to compensate plaintiffs for that loss by awarding them $15,000 for trespass. Though we have concluded that that sum was excessive (see Division 2, supra), we find no error in the jury awarding plaintiffs $10,000 as additional damages to the trespass.

We therefore reverse the judgment of the Court of Appeals and affirm the judgment of the trial court on the condition that plaintiffs write off $14,960 of their verdict and judgment; otherwise, reversed.

*Judgment reversed upon condition stated in Division 2 of this opinion. All the Justices concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 17, 1980.

*Charles H. Ivy, William L. Bost, Jr., R. Peter Catlin, III,* for appellants.
*Michael J. Gorby,* for appellees.