## 61425. WEBB v. PERRY.

BIRDSONG, Judge.

Tort — Intersection Collision. The appellee, Perry, is an elderly gentleman who, it appears from the transcript, is quite hard of hearing. Appellant Webb is a young woman who was a passenger in a car admittedly struck by Perry's car.

The facts authorized the jury to find that Perry drove his car along a road to an intersection with a throughway. The throughway was a divided four-lane road separated by a dirt median. Perry stopped at the corner of the cross roads at a stop sign but could not immediately proceed across the four lanes because of the flow of traffic along the throughway. Perry, after "two or three" minutes, saw a break in the flow of traffic and commenced to pass through the intersection intending to pass the entire four lanes. As he entered the road, he observed traffic approaching him from his left on the throughway, apparently in the first lane he entered, the lane immediately opposite the curb and stop sign. Fearing that he could not clear the intersection, Perry stopped, apparently blocking the first lane. A car on the throughway stopped in that lane (now blocked by Perry's car). A pickup truck stopped behind the car. Perry testified that he could not see the second or median lane of throughway traffic because his view was blocked by the car and pickup truck. The driver of the car motioned for Perry to move on and clear the lane of traffic. Perry accelerated and almost immediately

struck the car in which Webb was a passenger in the passenger door. Webb's car was proceeding, apparently within the speed limit, in the median lane. Perry testified that he never saw the car occupied by Webb until he struck it. Webb and the driver of her car testified that they did not see Perry's vehicle until a fraction of a second before they were struck. The trial court gave a charge on sudden emergency and imputed negligence and refused a charge by appellant that Perry could not avoid the consequences of his negligence by asserting that any negligence on his part was attributable to and excused by the third party motioning him through the intersection. Objections were made to the two charges given as not being adjusted to the evidence and to the refusal to give the requested charge concerning the shift of responsibility to the third party. The jury returned a verdict for the defendant-appellee Perry which was made the judgment of the trial court. Webb brings this appeal asserting as error the charges on sudden emergency and imputed negligence and the refusal to give the requested charge, and appeals as well on the general grounds. *Held:*

The enumerations of error on the charge of the court have merit. The evidence shows that the only decision made by Perry related to the decision to proceed into the median lane. He never saw the Webb car and made no decision in relation to that car. Perry was stopped. The two cars he had blocked were stopped. There was no emergency situation though perhaps the situation was embarrassing. Instead of proceeding slowly until he had an unobstructed view of the median lane, Perry testified that he relied upon the signal of the third party and proceeded at a normal rate and "bumped" the other car.

The doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. *Stripling v. Calhoun,* 98 Ga. App. 354, 357 (105 SE2d 923). The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. *Bryant v. Ga. R. &c. Co.,* 162 Ga. 511, 517 (134 SE 319); *Ware v. Alston,* 112 Ga. App. 627, 629 (145 SE2d 721). On the basis of the facts of this case, it was error to give the charge on sudden emergency.

In relation to the charge on imputed negligence, while that charge abstractly states a correct principle of law, our search of the transcript does not show that Mrs. Webb was the driver in control of the car or that the driver was acting as her agent. Thus the charge requiring the jury to find that there was a principal-agent relationship without further definition was not adjusted to the evidence. See *Reeves v. State,* 196 Ga. 604, 614 (27 SE2d 375);

*Roberson v. State,* 57 Ga. App. 495 (1) (195 SE 881).

Lastly, the real issue in the case was whether Perry did or legally could rely on the signal of the third party as authority to proceed on into the next or median lane without being able to see into that lane. Our examination of the requested charge shows that it was fully adjusted to the evidence and was not argumentative. Even if we were to assume the charge to be argumentative as it was proposed, it is such an essential issue in the trial that we conclude the trial court was obligated to give an appropriate charge on the issue. *Roberson v. Hart,* 148 Ga. App. 343, 345 (251 SE2d 173); *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (247 SE2d 571). Without the charge, the jury was without essential guidelines in arriving at its verdict. *Talmadge v. Talmadge,* 241 Ga. 609, 611 (5) (247 SE2d 61); *Daniel v. Etheredge,* 191 Ga. 793, 801 (13 SE2d 763); *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362, 364 (6) (173 SE2d 741).

Without the requested charge, as aggravated by the two charges given mentioned above which were not adjusted to the evidence, we conclude that the jury could not fully or fairly determine its ultimate verdict. These errors therefore require the reversal of the judgment.

Contrary to appellant's contention in enumeration of error 4, an issue of negligence remained for the jury. Thus the evidence does not demand a verdict for the appellant. This enumeration is without merit.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1981.

*L. B. Kent,* for appellant.
*W. G. Scrantom, Jr., Richard A. Marchetti,* for appellee.