71915. WILHITE et al. v. TRIPP et al.
(346 SE2d 586)

BENHAM, Judge.

Appellants, husband and wife, brought suit against Tripp and his employer for injuries suffered by Mr. Wilhite when a truck he was driving collided with the back of a tractor-trailer driven by Tripp and

owned by his employer. In this appeal from a judgment for appellees entered on a jury verdict, appellants enumerate as error two aspects of the trial court's instructions to the jury, the entry of judgment on the verdict, and the denial of their motion for new trial. We affirm.

1. In appellants' first enumeration of error, they contend that the trial court erred in instructing the jury on the principle of legal accident.

"The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable*. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.]" *Chadwick v. Miller*, 169 Ga. App. 338, 344 (312 SE2d 835) (1983).

Although the evidence in this case would have authorized the jury to find that the collision resulted from the negligence of appellee, appellant, or a State patrolman whose car was parked at the edge of the road, there was also an alternative explanation for the collision which did not involve negligence on the part of anyone. The jury was authorized from the evidence to find that Trooper Hunt of the State Patrol stopped a speeding car and, in accordance with State Patrol guidelines, stopped his car behind and slightly to the left of the car he had pulled over, leaving his car protruding eight to ten inches into the roadway. Tripp approached from the same direction, pulling a load of steel rods on a "stretch" trailer. Seeing the State Patrol car on the edge of the road with its lights flashing, Tripp slowed to be sure he could pass safely. When he saw an oncoming vehicle, Tripp stopped because the length of his trailer would have required him to pull into the other lane farther than would be safe with another vehicle approaching. Wilhite came over a hill behind Tripp and, although he was driving within the legal limit, was unable to stop his heavily loaded dump truck before it collided with the back of Tripp's trailer. There was also opinion testimony which would have authorized the jury to find that an unexplained failure of the brakes on the truck appellant was driving contributed to the collision.

Under the peculiar circumstances of this case, the jury could have found that it was not foreseeable to Trooper Hunt that stopping his car as he did, in accordance with State Patrol guidelines, would cause such a collision; that it was not foreseeable to appellee Tripp that stopping his truck as he did to prevent a collision with oncoming traffic would cause a rear-end collision; and that it was unforeseeable to appellant, cresting a hill within the legal speed limit, he would be confronted with a truck blocking his lane, oncoming traffic in the other lane, and two cars blocking the shoulder on his side of the road at the same time that the truck he was driving experienced an unexplained brake insufficiency.

"Where the jury is authorized under the alternatives submitted by the evidence to find that the collision was not proximately caused by negligence but could have resulted from an unforeseen or unexplained cause, there is ample reason to give a charge on the law of accident. [Cit.]" *Reed v. Heffernan*, 171 Ga. App. 83 (2) (318 SE2d 700) (1984). See also *Kent v. Henson*, 174 Ga. App. 400 (2) (330 SE2d 126) (1985). Compare *Durden v. Collins*, 169 Ga. App. 347 (4) (312 SE2d 842) (1983). There being, as noted above, such an alternative under the evidence in this case, there was no error in instructing the jury on the principle of legal accident.

2. Appellants' second enumeration of error is that the trial court erroneously stressed proximate cause in its instructions to the jury. Their contention that the trial court's charge was repetitious is not borne out by the record. The trial court did not charge the jury on proximate cause, as appellants contend, four separate times; proximate cause was mentioned four times in the context of charges on the plaintiff's burden of proof, failure of a plaintiff to exercise ordinary care for his own safety, comparative negligence, and contributory negligence. Since, as to each of those principles, the element of proximate causation is essential, and each of those principles was an appropriate subject for instruction under the evidence in this case, the four mentions of proximate cause was not unduly repetitious. See generally *Whitmire v. Woodbury*, 154 Ga. App. 159 (3) (267 SE2d 783) (1980), modified on other grounds, *Woodbury v. Whitmire*, 246 Ga. 349 (271 SE2d 491) (1980).

3. Since appellant's third and fourth enumerations of error depend expressly on the first two, and we have found no merit in those, the third and fourth enumerations of error present no cause for reversal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986.

*Truett Smith*, for appellants.
*William Bushnell, Ellisa Garrett*, for appellees.