76318. COX et al. v. GENERAL MOTORS CORPORATION.
(369 SE2d 525)

SOGNIER, Judge.

Nick and Lisa Cox filed an action in multiple counts against General Motors Corporation, alleging that an automobile they purchased was defective. The jury returned a verdict in favor of General Motors, and after denial of their motion for a new trial, the Coxes appeal.

In their sole enumeration of error, appellants contend the trial court deprived them of their right to a fair and impartial jury verdict by impermissibly expressing an opinion when responding to a question posed by the jurors during the course of their deliberations. The question posed by the jurors was as follows: "We, the jury, think there should be some monetary award. The amount can't be agreed on. We do agree that the $13,000 revocation on the automobile should

should [sic] not be allowed. We agree that G.M. acted in good faith and there was never a breach of maintenance contract." After thorough discussion with counsel, and general agreement of the parties, the court called the jury back into the courtroom and responded to their question on the record, instructing them that rather than rereading any portions of the charge, she would state that "the question of damages like the question of liability falls strictly within your duties and province as members of the jury. Therefore, you may set damages in accordance with the evidence, in accordance with the law as you have been charged at whatever level you see fit, if any." Appellants do not except to this portion of the recharge, and admit that these instructions were completely in accordance with the agreements reached by the court and the parties moments before. However, the court went on to state: "And in saying that, I'm saying that before you get to the question of damages you must decide the issue of liability. There would be no damages if there is no liability. Therefore, damages or the level of damages, if any, would be awarded based upon your judgment and assessment of the entire case, all of the facts and circumstances of the case, the law as you have been charged in line with whether or not there exists liability, and that is the issue for you to decide." Appellants enumerate as error this latter portion of the recharge, contending that it placed undue emphasis on liability, thereby impermissibly intimating the opinion that the jury's previously announced intention to award damages in favor of appellants was wrong. We do not agree.

First, " '[t]he jury have the right and power to correct or change their verdict at any time before it has been finally recorded and they have been discharged.' [Cits.]" *Sears, Roebuck & Co. v. Chandler,* 152 Ga. App. 427, 432 (2) (263 SE2d 171) (1979). Thus, appellants may not rely on the jury's indication that it was considering a monetary award in favor of them.

Second, it is clear that unlike the situation in *Garner v. Young,* 214 Ga. 109 (103 SE2d 302) (1958), *Benefield v. Benefield,* 224 Ga. 208 (160 SE2d 895) (1968), and *Graham v. Malone,* 105 Ga. App. 863 (126 SE2d 272) (1962), cases cited by appellants, in which the trial court's remarks clearly expressed an opinion and removed at least one issue from jury consideration, in the case sub judice the trial court's answer did not itself express an opinion. Rather, because the jury did not *ask* the court about liability but the trial court's response made reference to that issue, appellants' objection to the recharge is based on a perceived overemphasis on the question of liability. However, the trial court "has a discretion in supplementing the charge or in giving an additional charge to the jury." *Southern R. Co. v. Lee,* 59 Ga. App. 316, 319 (6) (200 SE 569) (1938), cited in *Barnes v. State,* 71 Ga. App. 9, 13 (29 SE2d 919) (1944). The trial court's statement in the case sub

judice did not give undue prominence to the contentions of either party, and was not violative of OCGA § 9-10-7. The recharge was neither repetitive nor prejudicial. See generally *Whitmire v. Woodbury*, 154 Ga. App. 159, 160 (3) (267 SE2d 783) (1980), modified on other grounds, *Woodbury v. Whitmire*, 246 Ga. 349 (271 SE2d 491) (1980). Further, it is uncontroverted that in its original charge the trial court instructed the jury that "anything the court may have done or said during the trial of this case did not intend to hint, intimate or otherwise suggest to you which of the parties should prevail in this case. Whichever of the parties should prevail in this case is a matter strictly for you as fair, impartial and conscientious jurors to determine." "Where it is contended . . . that an excerpt from the charge of the court is error as containing an expression of opinion on what has been proved, the excerpt will be considered in its context and with the charge as a whole, including a statement of the court that nothing [s]he has said should be construed as an expression of opinion on [her] part. [Cit.]" *Imperial &c. Co. v. Modernization &c. Co.*, 96 Ga. App. 385 (1) (100 SE2d 107) (1957). We find no error in the trial court's answer to the jury's question.

*Judgment affirmed. Deen, P. J., concurs and also concurs specially. Carley, J., concurs in the judgment only.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, a brief comment will be made as to the case of *Southern R. Co. v. Lee*, 59 Ga. App. 316 (200 SE 569) (1938), cited in the majority opinion. It was written by Presiding Judge Stephens with Judge Felton concurring and Judge Sutton dissenting. In 1938 when this case was written there were six judges on our court, and a two-to-one decision would not go whole court, as it would today. Therefore, a two-to-one decision during that era would have precedential value, whereas today it would become a whole court case and considered by all nine judges.

DECIDED MAY 16, 1988.

*Carol D. Sweet*, for appellants.
*Myra H. Dixon*, for appellee.