73648. SOUTHERN RAILWAY COMPANY v. GEORGIA KRAFT COMPANY.

(373 SE2d 774)

BENHAM, Judge.

Appellant was the plaintiff in this case, suing appellee for damages which were caused by the collision of a pulpwood truck with a train. Appellee's asserted liability was based on appellant's contention that the driver of the truck was appellee's agent and was negligent in causing the collision. The jury returned a verdict which found that the driver was not appellee's agent, and judgment was entered for appellee.

On the first appearance of this case at 183 Ga. App. 884 (360 SE2d 605) (1987), we affirmed the trial court's judgment. On certiorari, the Supreme Court reversed our judgment (258 Ga. 232 (367 SE2d 539) (1988)) and remanded the case to this court with direction to take such further action as may be necessary to give effect to its opinion. That action includes making the judgment of the Supreme Court the judgment of this court and, because a new trial is mandated by the Supreme Court's decision, deciding matters involving the issue of negligence, all of which were mooted by our prior decision.

1. For the reasons stated in the Supreme Court's opinion, the judgment of the trial court is reversed.

2. Appellant's first enumeration of error complains of the admission of evidence that the crossing signal at the crossing where the collision occurred had malfunctioned on at least two occasions in the recent past. We find no error there.

Appellant put on evidence that the crossing signals had been maintained regularly and were operational when the collision occurred, and that a failure to operate was not possible. To rebut that evidence, appellee was entitled to put on evidence that malfunctions were possible and had occurred. *Williams v. Naidu*, 168 Ga. App. 539, 540 (309 SE2d 686) (1983).

3. In appellant's second enumeration of error, it contends there was no evidence to authorize the trial court's charge to the effect that appellant had a duty to maintain crossing signals and that there was a question of fact whether it had done so at the crossing involved here. Appellant's evidence on this question was that the signals could

not malfunction; appellee put on evidence that they had. An inference which could be drawn, if the jury chose to believe appellee's evidence, was that the signals could and did malfunction and that they were, therefore, not properly maintained. We find that evidence sufficient to authorize the charge.

4. The third error enumerated by appellant is the trial court's refusal to give its requested charge concerning the circumstances under which a railroad engineer would not have a duty to stop upon seeing a vehicle approaching a crossing. The requested charge was a correct statement of the law, having been taken from *Georgia Southern &c. R. Co. v. Haygood*, 103 Ga. App. 381 (5) (119 SE2d 277) (1961), was adjusted to the evidence, and was needed to balance two of defendant's requested charges which dealt with the duty of an engineer to stop, without touching on when the duty did not arise. Appellant having objected to the refusal to charge, we hold that the trial court erred in refusing to give the requested charge. See *Claxton Poultry Co. v. City of Claxton*, 155 Ga. App. 308 (8) (271 SE2d 227) (1980).

5. The trial court charged the jury that it was to decide whether appellant was negligent in failing to employ additional precautions at the crossing where the collision occurred. Appellant asserts in its fourth enumeration of error that the charge was incorrect because it is the Georgia Department of Transportation which decides which warnings are to be used at particular crossings. That same argument was rejected in *Wright v. Dilbeck*, 122 Ga. App. 214 (16) (176 SE2d 715) (1970): " 'An act or omission may amount to negligence under the particular facts and circumstances, although there is no statute so declaring.' [Cit.]"

6. Pursuant to appellee's request, the trial court gave a charge quoting OCGA § 46-8-190, concerning the duty of railroads to erect and maintain "blowposts" at specified distances from crossings and to sound the train's whistle when approaching a crossing. In its fifth enumeration of error, appellant contends that the charge was error because there was no issue concerning erection of a blowpost and no allegation that the engineer otherwise failed to comply with the statute. The record shows, however, that one of the allegations appellee advanced was that appellant failed to give warning of the approach of the train to the crossing. Although there was scant evidence concerning whether the whistle was used, several of appellant's witnesses mentioned it, and one of them testified on cross-examination that the whistle was blown five minutes before the collision. Other evidence concerning the speed of the train, when considered together with the statutory requirement that the whistle be blown at a point 400 yards from the crossing, would permit the conclusion that the whistle was blown too far away from the crossing to be effective as a warning or to

comply with the statute. That being so, we find that the charge was authorized by the evidence. The fact that the trial court gave the entire Code section in charge rather than just the part about blowing the whistle does not require reversal. *Chapman v. Piggly Wiggly Southern*, 178 Ga. App. 835 (344 SE2d 755) (1986). There was no error in giving the charge.

7. The final issue to be addressed is appellant's assertion in its thirteenth enumeration of error that the trial court erred in giving a charge on accident. We disagree.

" 'Where the jury is authorized under the alternatives submitted by the evidence to find that the collision was not proximately caused by negligence but could have resulted from an unforeseen or unexplained cause, there is ample reason to give a charge on the law of accident.' [Cits.]" *Wilhite v. Tripp*, 179 Ga. App. 428 (1) (346 SE2d 586) (1986). In this case, there was evidence that the truck and the train were both traveling within their speed limits; that the crossing signals were properly maintained but may have malfunctioned, though appellant had no notice of previous malfunctions; that there was no stop sign at the crossing; and that because of trees adjacent to the roadway, a driver approaching the crossing from the direction from which the truck driver approached could not see a train approaching from the direction from which the train involved here approached until the driver got within 15 to 50 feet from the crossing. That evidence presented the jury with an alternative under which the collision could have occurred, notwithstanding the exercise of due care by the truck driver and the engineer, and in the absence of negligence by anyone. It was not error, therefore, to charge on accident. Id.

*Judgment reversed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED OCTOBER 3, 1988.

*Burt Derieux, Eileen M. Crowley, Keith J. Reisman, L. Hugh Kemp*, for appellant.
*W. Wray Eckl, Julia Anderson*, for appellee.

