A89A1824. LUKE et al. v. SPICER.
(390 SE2d 267)

CARLEY, Chief Judge.

Appellant-plaintiffs brought suit against appellee-defendant, seeking to recover for injuries allegedly sustained as the result of an automobile collision. Appellee answered, denying the material allegations of appellants' complaint, and he also filed a counterclaim. The jury returned a verdict in favor of appellee on appellants' main claims and on his counterclaim. Appellants appeal from the judgment entered by the trial court on the jury's verdict.

1. Appellants enumerate as error the denial of their motion for a directed verdict as to appellee's liability.

There was a conflict in the evidence as to the parties' exercise of ordinary reasonable care under the circumstances. Accordingly, it was not error for the trial court to refuse to direct a verdict against appellee as to liability. See OCGA § 9-11-50; *Campbell v. Forsyth*, 187 Ga. App. 352 (1) (370 SE2d 207) (1988).

2. When appellants attempted to introduce into evidence the investigating officer's incident report, appellee objected. The trial court sustained the objection and this evidentiary ruling is enumerated as

error.

A document that is otherwise admissible as a business record may nevertheless be excluded from evidence if it contains opinions, conclusions or conjectures. See *Martin v. Baldwin*, 215 Ga. 293 (2c) (110 SE2d 344) (1959). The proffered incident report contains such objectionable material. Accordingly, the trial court did not err in excluding that report.

3. The trial court's giving of a jury instruction on sudden emergency is enumerated as error.

"The doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. [Cit.] The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. [Cits.]" *Webb v. Perry*, 158 Ga. App. 409, 410 (280 SE2d 423) (1981). "An emergency is a 'sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation.' [Cit.]" (Emphasis omitted.) *Hall v. Chastain*, 246 Ga. 782, 785 (5) (273 SE2d 12) (1980).

Appellee testified to the following: As he approached the intersection where the collision occurred, the light was in his favor. He saw appellants' car turning into the intersection in front of him. Believing that appellants would complete their turn, he braked gradually. However, appellants came to a complete stop in the intersection. Appellee was uncertain whether it was safe for him to change lanes so as to avoid appellants. Despite braking, the cars collided. This is evidence of a choice of perils which confronted appellee in a situation that was not of his own making. The trial court did not err in giving the instruction on the doctrine of sudden emergency.

4. Appellants' remaining enumeration of error concerns the trial court's giving of a jury instruction on nominal damages. Since the jury returned a verdict in favor of the defendant, error, if any, in giving this charge would be harmless. See *Minter v. Leary*, 181 Ga. App. 801 (1) (354 SE2d 185) (1987).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 8, 1990.

*M. Stan Ballew*, for appellants.
*Willie J. Linahan, Samuel F. Greneker, Daniel C. Hoffman*, for

appellee.

