A90A2290. KELLY v. ADAMS et al.
(398 SE2d 848)

DEEN, Presiding Judge.

Kelly sued Adams and Payne for damages resulting from a three-automobile collision. From a judgment for appellees entered on a jury verdict, Kelly appeals, claiming the trial court erred by instructing the jury on the doctrines of legal accident and sudden emergency.

Adams, Kelly and Payne were driving separate automobiles traveling in the same direction on the same two-lane road. Adams drove

the lead car, followed by Kelly, who was followed by Payne. It was late afternoon on a dry, sunny day. All three cars were traveling about 35 to 45 mph in a 55 mph zone as they approached a stretch where the road inclined to the crest of a hill, then sloped downward. and curved off to the right. The downward slope of the road on the far side of the hill was not visible to the drivers ascending the incline until they reached the crest of the hill. There were no vehicles approaching from the opposite direction. According to Adams, as she crested the hill she immediately saw objects in her lane of the road just over the crest that appeared to her to be "white stuff" or pieces of paper. Believing she could simply run over the objects, she attempted no evasive action, struck the objects and after striking them realized they were not paper. In fact, Adams had run into a pack of dogs that was in the road just over the crest of the hill. On impact she immediately applied her brakes. With dogs dragging underneath, her car came to a stop and stalled in the road a short distance over the crest. Adams testified her car had recently been prone to stall when she applied brakes to stop. Kelly testified he was five or six car lenghts behind Adams on the incline. On reaching the crest he saw Adams' car stopped in his lane, immediately applied his brakes, but was unable to stop before colliding with the rear of Adams' car. Because of the short distance from the crest to where Adams' car was stopped, Kelly testified he was unable to maneuver around the car. Immediately after Kelly hit Adams, Payne crested the hill and struck Kelly. Payne testified that when he crested the hill he saw both cars stopped in the road and immediately applied his brakes, but was unable to avoid a collision with Kelly's vehicle, which was approximately 30 feet over the crest. *Held*:

1. Kelly claims that under the facts of this case no jury instruction on legal accident was authorized. "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the absence of negligence and for which no one would be liable. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error." (Emphasis omitted.) *Chadwick v. Miller*, 169 Ga. App. 338, 344 (312 SE2d 835) (1983). In this case a charge on legal accident was appropriate. Along with evidence that the accident could have been caused in whole or in part by negligence, there was also evidence authorizing the jury to conclude that the accident was not proximately caused by the negligence of any party. The jury could have concluded on the basis of Adams' testimony, that on the instant of cresting the hill her hasty perception of the dogs as "white stuff" or paper was reasonable, or that regardless of the reasonableness of her perception, she had no time to avoid or react differently to the unforeseeable obstacle posed by dogs just over the crest. As to Kelly and Payne, there

was evidence that on cresting the hill both drivers immediately braked, and neither driver had time to swerve around the accident. In short, the jury could have and did conclude that the accident was caused by an unforeseeable obstacle in the road rather than the negligence of any party. In finding for the defendants, the jury selected the legal accident option in its response to the special verdict utilized at trial. " 'Where the jury is authorized under the alternatives submitted by the evidence to find that the collision was not proximately caused by negligence but could have resulted from an unforeseen or unexplained cause, there is ample reason to give a charge on the law of accident. (Cit.)' [Cits.]" *Wilhite v. Tripp*, 179 Ga. App. 428, 430 (346 SE2d 586) (1986); *Southern R. Co. v. Ga. Kraft Co.*, 188 Ga. App. 623, 625 (373 SE2d 774) (1988); *Jump v. Benefield*, 193 Ga. App. 612, 614-615 (388 SE2d 864) (1989).

2. Kelly also contends the trial court erred by instructing the jury on sudden emergency. " 'The doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. (Cit.) The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. (Cits.)' [Cit.] 'An emergency is a "sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributed not to lack of care but to lack of time to assess the situation." (Cit.)' . . . [Cit.]" *Luke v. Spicer*, 194 Ga. App. 183, 184 (390 SE2d 267) (1990); *Franklin v. Hennrich*, 196 Ga. App. 372 (395 SE2d 859) (1990). There was evidence showing that all of the parties as they crested the hill were confronted with a sudden and unexpected obstacle in the road, which required them to take one of several possible courses of action. Even if Adams did not apprehend the true nature of the danger until she actually hit the dogs, sudden emergency applies to the actions she took immediately following impact. After hitting and dragging the dogs she braked her car to a halt in the road, causing it to stall. She could have proceeded in her lane with the dogs under the car or steered to the shoulder of the road. On cresting the hill Kelly saw the stopped vehicle and immediately applied his brakes, but was unable to stop before hitting Adams' car. He testified that he thought there was time to steer around Adams' car, and as he hit the brakes he was trying to maneuver his car around, but was unable to do so. Payne was faced with almost identical circumstances as he crested the hill. Although there were no cars in the oncoming lane, he decided to brake because he did not believe there was time to swerve around. Whether or not an emergency existed is a question for

the jury except in plain and indisputable cases. *Ray v. Anderson*, 189 Ga. App. 80, 82 (374 SE2d 819) (1988); *Franklin*, supra. Charges on the issues of sudden emergency and legal accident were supported by the evidence and properly submitted to the jury. *Reece v. Callahan*, 164 Ga. App. 131 (296 SE2d 425) (1982).

Judgment affirmed. *Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 14, 1990.

*Jack F. Witcher, John W. Kilgo*, for appellant.
*Downey, Cleveland, Parker & Williams, William S. Allred, M. Allen McDuffie, Webb, Carlock, Copeland, Semler & Stair, William T. Clark*, for appellees.