A91A0072. ADAMS et al. v. FINLAYSON et al.
(406 SE2d 227)

COOPER, Judge.

Appellants brought suit to recover for damage to their home and car after appellee Keith Finlayson swerved off the highway to avoid hitting a dog and struck appellants' car, forcing the vehicle into appellant's home. The car had been provided to Keith by appellee James Finlayson, his father. The jury returned a verdict for appellees, and the trial court denied appellants' motion for new trial. On appeal, appellants enumerate as error the court's charges to the jury on legal accident and sudden emergency.

1. Relying on *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d

835) (1983), appellants contend that the charge on legal accident was inappropriate because there was evidence of Keith's negligence. "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.]" Id. at 344. Although there was evidence that the collision could have resulted from Keith's negligent operation of the car, the jury could also have concluded that the accident was not proximately caused by the negligence of any party. See *Kelly v. Adams,* 197 Ga. App. 574 (1) (398 SE2d 848) (1990). Keith testified that he had been travelling 55 mph, in a 55 mph zone, when a dog darted in front of his car, and when he swerved, he drove off the paved surface and had difficulty regaining control of the car because there were no shoulders on either side of the road and ditches were on both sides. The jury could have concluded that Keith's perception of the dog was reasonable or "that regardless of the reasonableness of [his] perception, [he] had no time to avoid or react differently to the unforseeable obstacle posed by the [dog.]" Id. at 575. "Where the jury is authorized under the alternatives submitted by the evidence to find that the collision was not proximately caused by negligence but could have resulted from an unforeseen or unexplained cause, there is ample reason to give a charge on the law of accident. [Cit.]" *Reed v. Heffernan,* 171 Ga. App. 83, 87 (2) (318 SE2d 700) (1984); *Kelly v. Adams,* supra. The evidence adduced at trial supported the charge on legal accident.

2. Appellants next argue that the defense of sudden emergency is not available to one who by his own actions creates the emergency and that Keith's excessive speed which prevented him from avoiding the dog without losing control of the car was the source of the emergency. " 'The doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. (Cit.) The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence.' (Cits.) 'An emergency is a "sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation." ' (Cit.)" *Luke v. Spicer,* 194 Ga. App. 183, 184 (3) (390 SE2d 267) (1990).

The evidence demonstrated that Keith was driving within the speed limit; that Keith was not responsible for the presence of the dog which caused him to swerve; that Keith was not charged with

violating any traffic offense in connection with the accident; and that he had no control of the road conditions. The jury was certainly entitled to consider whether Keith's acts after the unexpected appearance of the dog indicated a lack of care or a lack of time to assess the situation. See *Kelly v. Adams*, supra Thus, the trial court did not err in submitting the charge to the jury.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 1, 1991 —
REHEARING DENIED MAY 30, 1991 — ▇▇▇▇▇▇▇▇

*Harrison & Harrison, G. Hughel Harrison*, for appellants.
*Swift, Currie, McGhee & Hiers, Jonathan M. Engram*, for appellees.