A92A0534. POPE v. PRESSLEY.
(418 SE2d 635)

BEASLEY, Judge.

Pope sought damages for injuries he incurred in an automobile collision between his vehicle and that of Deborah Pressley. The jury returned a verdict in favor of Pressley, and Pope's motion for new trial was denied.

The evidence showed that on August 11, 1987, between 7:30 and 8:00 a.m. on a clear, dry day Pope was driving to work on the eastbound lanes of the Stone Mountain Freeway, a six-lane highway divided by a 30-foot grass median. Pope was in the far right lane when Pressley's car crossed from the westbound lanes across the 30-foot median and two other eastbound lanes to collide head-on with Pope's car, causing serious injury to both drivers. Pressley was travelling west in the far left lane at 40-45 mph in a 55-mph zone as she crested a hill and saw the cars in front of her stopping, as she knew was typical during rush hour. She had to brake to avoid hitting the car in front of her.

Pressley testified that she did not slam on her brakes but that when she applied her brakes they "locked" and the car did not slow

down. She made the conscious decision to turn off into the median, thinking that she would avoid hitting another car that way and that her car would coast to an eventual stop. Instead, her car crossed the median and the first two eastbound lanes and collided with Pope's car. Pressley told the police that her car had malfunctioned, that her brakes had "locked up." The vehicle was damaged too severely to conduct any tests on the braking system.

The driver directly behind Pressley testified that traffic was moving approximately 40 mph when he observed her car make an abrupt, sharp, very hard right turn into and across the median, and into the oncoming traffic without ever slowing down. Skid marks extended about 60 feet from Pressley's lane of travel. A few months before the collision Pressley had experienced the brakes briefly locking when she had to make a sudden stop and slammed them on. After that happened, her husband Tom took the car to his father, a professional auto mechanic, to check out the problem. The brakes appeared to both of them to be in good working order, and Tom subsequently drove the car on several occasions without problem. On the morning of the collision Pressley noticed nothing unusual about the braking system before the brakes locked.

Pressley contended the collision was caused by a sudden and unexpected brake failure. Pope argued that the evidence proved both ordinary negligence and numerous violations of the Uniform Rules of the Road and other statutes regulating motor vehicles (OCGA §§ 40-6-1 et seq.; 40-8-50; 40-8-53; 40-8-54) by Pressley; and that negligence per se was established as a matter of law through violations of those statutes. See *Cox v. Cantrell*, 181 Ga. App. 722 (5) (353 SE2d 582) (1987).

1. (a) In his first two enumerations of error, Pope contends that the trial court erred in refusing to give his requests to charge regarding the shifting of the burden of proof once a violation of a statute is established, and authorizing a finding of negligence per se even without a conviction on a traffic violation. Enumerations of error 3 and 4 challenge the instruction given on the principles of legal accident and sudden emergency.

Exceptions were made regarding these charges after the jury charge only by referencing their numbers.

We assume without deciding in this case that the exceptions were properly made and preserved. The trial court did instruct the jury that in order to recover the plaintiff must prove that the defendant was negligent in one or more ways; that violation of a law or ordinance was negligence per se; that a driver violated the traffic laws if he or she followed another vehicle too closely than was reasonable or prudent, moved in or outside of his or her lane of traffic without first ascertaining if it could be done with safety, failed to drive on the

right-hand side of the highway or into the median of a divided highway, or drove at a speed greater than is reasonable or prudent under the conditions; that the plaintiff contended the defendant had violated these laws and it was the jury's duty to determine if any of these violations had taken place; and that even if it found that the defendant did not violate any of these laws it could still find that the defendant was negligent, but in such a case the burden of proof remained with the plaintiff.

In light of these instructions it was unnecessary for the trial court to instruct the jury about traffic tickets or convictions since the jury had only to determine whether a statute or ordinance had been violated to find defendant negligent. "Reviewing the charge as a whole and the [refused requests] in this context, [cit.], the charge given covered the general principles of negligence and repeatedly covered negligence *per se.* . . . It also appears that the charge may have weighed in [Pope's] favor. [Pressley] denied negligence and also denied intentionally violating the [traffic laws], so that the jury could have rejected negligence *per se,* [cit.], and [Pope's] evidence supported the alternative theory that [Pressley's actions were] reckless and therefore negligent even if not negligent *per se.* [Cit.]" *Lashua v. Tomlin,* 194 Ga. App. 3, 4 (389 SE2d 767) (1989). The failure to give Pope's requested charges does not show harmful error as a matter of law so as to require their consideration under OCGA § 5-5-24 (c). *Lissmore v. Kincade,* 188 Ga. App. 548, 551 (4) (373 SE2d 819) (1988).

(b) As to Pope's objections to the charges on legal accident and sudden emergency, again we will merely assume proper raising and presentation.

There was evidence that defendant was not negligent in the maintenance of the brakes or in the operation of her vehicle on this occasion. There was evidence that a sudden emergency not arising from any failure to exercise due care on her part by act or omission, led to the collision. There was evidence that the occurrence was one which "[took] place in the absence of negligence and for which no one would be liable." *Chadwick v. Miller,* 169 Ga. App. 338, 344 (312 SE2d 835) (1983).

Thus, as in *Kelly v. Adams,* 197 Ga. App. 574, 575 (1) (398 SE2d 848) (1990), "a charge on legal accident was appropriate. Along with evidence that the [collision] could have been caused in whole or in part by negligence, there was also evidence authorizing the jury to conclude that [it] was not proximately caused by the negligence of any party." Similarly, "[w]hether or not an emergency existed is a question for the jury except in plain and palpable cases. [Cits.]" *Kelly,* supra at 576 (2). Charges on legal accident and sudden emergency were supported by the evidence and properly submitted to the jury. Accord *Wilhite v. Tripp,* 179 Ga. App. 428 (1) (346 SE2d 586)

(1986), which points to the "unforseen or unexplained cause" aspect of the law of accident. In this regard, see also *Shennett v. Piggly Wiggly Southern*, 197 Ga. App. 502, 504 (4) (399 SE2d 476) (1990).

2. After the jury began its deliberations, upon its request the trial court recharged it on the law of negligence and legal accident. Pope objected to the recharge on accident on the ground it was an inappropriate charge to begin with, and to repeat the negligence instruction when negligence per se was not recharged did not "give the jury the complete picture." He admits that the trial court was not required to reread the entire charge and was obliged only to charge such parts as were necessary to answer the jury's request, but he contends that when the recharge is patently incomplete and obviously misleading due to the court's failure to again inform the jury of the complete law on a requested subject, a new trial must be granted.

Both recharges were accurate statements of the law and adjusted to the evidence. See *Adams v. Finlayson*, 199 Ga. App. 821 (1) (406 SE2d 227) (1991). " 'It is not error to limit a recharge to the question asked. [Cit.] In fact, "(r)esponding to a jury's request to restate portions of the charge is generally required of the trial judge, (cit.), and it is within the trial judge's discretion to recharge only that which is specifically requested. (Cit.)" [Cit.]' [Cit.]" *Jones v. State*, 198 Ga. App. 881, 883 (2) (403 SE2d 867) (1991). It was not reversible error to recharge as was done and to exclude a recharge on negligence per se.

3. Pope urges that the trial court erred in allowing Pressley's husband to testify over objection that from what he observed, the brakes on her car appeared to be in good working order prior to the collision. The argument is that a proper foundation was not laid in that the witness' expertise as an auto mechanic was not established and it was not shown that he personally inspected the brakes.

Mr. Pressley testified that while he had no formal training as an auto mechanic, he had worked on cars all his life as his father was a mechanic who owned his own shop and had enlisted his help; that after Pressley first experienced the brief locking of the brakes when she had to make a sudden stop, he took the car to his father, who inspected the braking system and no repairs were done; that from what he observed during this inspection the braking system appeared to be in good working order; that he drove the car thereafter and experienced no problem; that he had a general understanding of automobile braking systems, although not necessarily full cognizance of the system in his wife's car as he understood they were not conventional; and that he would not have driven an unsafe car, nor would he have allowed his wife to do so.

" 'Whether a witness is qualified to give his opinion as an expert is within the discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. (Cits.)' [Cit.] 'Generally noth-

ing more is required to qualify an expert than that he has been educated in a particular trade or profession; and this special knowledge may be derived from experience as well as study and mental application. (Cits.)' [Cit.] . . . Moreover, '(a)utomobiles today are items well within the common knowledge of everyone including jurors. . . .' [Cit.] Thus the jurors could be expected to draw upon their own knowledge and experience in dealing with automobiles in weighing the reasonableness of the [testimony] offered by this witness. [Cit.]" *Jim Ellis Atlanta v. McAlister*, 198 Ga. App. 94, 97 (2) (400 SE2d 389) (1990). Accord *Bales v. Shelton*, 197 Ga. App. 522 (3) (b) (399 SE2d 78) (1990). In any event, "[o]pinion evidence by a non-expert witness is admissible where testimony is given as to the facts upon which the opinion is based. [Cits.] Such opinion testimony does not establish any fact, as a matter of law, and a jury is not bound by it. [Cit.]" *Cameron v. Moore*, 199 Ga. App. 800, 802 (2) (406 SE2d 133) (1991).

4. Contrary to the appellant's arguments that there was no evidence to excuse the appellee's negligence per se or to support her claim that her actions were necessitated by a "most unusual" brake failure, the jury was authorized under the alternatives presented by the evidence to find that the collision was not proximately caused by negligence, but could have resulted from an unforeseen or unexplained cause. *Adams*, supra at 822 (1). The trial court did not abuse its discretion in denying the appellant's motion for new trial.

*Judgment affirmed. Birdsong, P. J. and Andrews, J. concur.*

DECIDED APRIL 30, 1992.

*Long, Aldridge & Norman, Phillip A. Bradley*, for appellant.
*Harper, Waldon & Craig, J. Blair Craig II*, for appellee.