A93A0696. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MERCK.
(434 SE2d 585)

COOPER, Judge.

Appellee sued Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm") based on its denial of collision coverage after appellee's car was damaged in an accident. Georgia Farm denied coverage after concluding that the loss was the result of an accident in which the driver was charged with racing. The matter was tried before a jury which awarded appellee his property damage, bad faith penalties and attorney fees. This appeal followed.

The record reflects that appellee owned a 1988 Ford Mustang GT, which was fully insured with collision coverage by Georgia Farm. On the evening of November 25, 1989, the Mustang was involved in a one-car accident while being driven by appellee's nephew, Milton Andrew Campbell ("Campbell"). Campbell and Marcus Merck, appellee's son, were riding around in the vehicle when they decided to drive to a park where they met friends. After arriving at the park, two of Campbell's friends, Troy Wilburn and Scottie Whitfield, decided to

engage in a car race. The group then proceeded to Water Works Road in Commerce, Georgia, where the race ensued. When Campbell arrived at the site, he parked the Mustang off to the side of the road and watched the others line up for the race. Though not connected with the race himself, Campbell at some point, after the race had begun, followed the vehicles that were involved. After the race concluded and as Whitfield's pickup truck was re-entering the right lane, Campbell drove up behind the truck and attempted to pass the vehicle. However, Campbell hit unidentified matter on the side of the road and wrecked the Mustang. Following the wreck, Trooper Sullivan arrived on the scene to investigate the accident. Upon conducting a physical investigation of the accident scene and interviewing persons on the scene, Trooper Sullivan determined that there was no physical evidence that uncovered any causes for the accident; that Campbell was traveling at a speed greater than the posted speed limit of 55 mph; and that only two vehicles were involved in the race, that of Wilburn and Whitfield. However, the officer cited Campbell for driving under the influence and racing, to which Campbell pled not guilty.

On the first business day following the accident, appellee reported the accident to Georgia Farm. Georgia Farm's claims adjuster, Doug Oliver, received the loss notice and police report on December 1, 1989 and proceeded to interview Campbell and appellee. Campbell denied that the Mustang was involved in a race on the night in question; however, Oliver got the impression that Campbell was not candid. Oliver interviewed the officer and learned of Campbell's traffic citations, and on January 19, 1990, Georgia Farm denied appellee's claim based on a racing exclusion in the policy but opted to make full payment of the car's outstanding balance to the bank/lienholder.

1. In its first two enumerations of error, Georgia Farm contends the trial court erred in granting appellee's motion in limine preventing the introduction at trial of the racing citation issued to Campbell, Trooper Sullivan's testimony about the racing citation, Sullivan's expert opinion as to whether appellee's vehicle was in a race, and the accident report. Georgia Farm argues that this evidence was needed, not as evidence of Campbell's negligence or guilt, but to establish that Georgia Farm's denial of the claim was done in good faith. We agree. " ' "The policy of Georgia . . . is to admit evidence, even if its admissibility is doubtful, because it is more dangerous to suppress the truth than to allow a loophole. . . ." (Cit.) If evidence is relevant, has probative value, and is not inadmissible for some reason of prejudice or illegality, it should be admitted.' [Cit.]" *Massachusetts Bay Ins. Co. v. Hall*, 196 Ga. App. 349, 356 (4) (395 SE2d 851) (1990). While such evidence might not be admissible in a case in which Campbell's negligence or guilt is at issue, this evidence was relevant to the issue of bad

faith and should have been admitted at trial. Id. Compare *Emory v. Dobson*, 206 Ga. App. 482, 483 (426 SE2d 50) (1992); *Luke v. Spicer*, 194 Ga. App. 183, 184 (2) (390 SE2d 267) (1990). Thus, the trial court erred in granting appellee's motion in limine and excluding the evidence at trial.

2. In view of our conclusion in the first division, we need not address appellant's remaining enumerations of error that the trial court erred in denying its motion for directed verdict as to appellee's claims for attorney fees and bad faith penalties and in refusing to charge the jury on the definition of "racing" under OCGA § 40-6-186.

*Judgment reversed. McMurray, P. J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur in the judgment.

With respect to Division 2, the enumeration relating to the request to charge the definition of racing should be addressed because on retrial, it is likely to arise again. If the court again makes the same ruling, another appeal will possibly result. If it is then decided that this ruling, requested again at the second trial, is erroneous, a reversal and third trial will result.

This can be avoided at this stage. In addition, of course, ruling now on this inevitable issue will provide instruction to the court and the parties with respect to the proper disposition of this issue at the second trial.

DECIDED JULY 16, 1993 —
RECONSIDERATION DISMISSED JULY 30, 1993.

*Blasingame, Burch, Garrard & Bryant, Andrew J. Hill III, Milton F. Eisenberg II*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, C. Gregory Ragsdale, Gregory M. Perry*, for appellee.